ROSE MARKS, Appellant, v. J. I. CHAPMAN, A. R. CHAPIN AND M. B. CHAPIN.

**Landlord and tenant:** COVENANTS: BREACH: ABANDONMENT OF
1 PREMISES. A landlord who covenants in his lease to furnish the tenant "with right to connect with sewer drain at rear of building with drainage and fall sufficient to carry off water" is charged with the duty, not of permitting the tenant to construct the drain, but himself to supply such drainage as is adequate for the purpose for which the building was leased; and his failure so to do will justify the tenant in abandoning the premises, and will preclude a recovery of rent thereafter. Evidence held to show failure to construct suitable drainage.

**Tenants:** DUTY TO RESTORE PREMISES. A tenant having authority to
2 make necessary alterations in a building, to render it suitable for the use intended, is not under obligation to restore it to its former condition upon surrendering the same.

**Same:** DAMAGES. A tenant who has contracted to make improve-
3 ments in the leased premises at his own expense and to repair any openings made in the building for that purpose is liable in damages for a breach of his agreement.

*Appeal from Palo Alto District Court.*— HON. W. B. QUARTON, Judge.

WEDNESDAY, JULY 3, 1907.

ACTION by plaintiff, as assignee of a lease of certain premises by her husband, Theodore Marks, to defendant Chapman, by whom it is alleged the lease was transferred to defendants A. R. Chapin and M. B. Chapin, to recover rent

and damages, and to enforce a landlord's lien therefor. There were counterclaims by the defendants against the plaintiff for damages on account of breach of the covenants of the lease, and there was a cross-petition by defendants Chapin against defendant Chapman. By the decree the cross-petition and counterclaims were dismissed, and plaintiff was given judgment against defendant Chapman for $5. The plaintiff and the defendant Chapman each appeals from this decree. Plaintiff, having first perfected his appeal, will be treated as appellant.— *Affirmed.*

*C. E. Cohoon, M. H. Cohen,* and *Gillispie & Bannister,* for appellant.

*Kelly & Kelly* and *W. B. Mitchell,* for defendant Chapman. *E. A. Morling,* for defendants A. R. Chapin and M. B. Chapin.

McCLAIN, J.— The lease was executed April 18, 1903, for a term of two years, at a monthly rental of $35; the premises to be used by lessee for laundry purposes. Under the lease rent was paid until September, 1904, when the Chapins, who had in the meantime purchased the laundry business and machinery from Chapman, removed to another building and refused to pay rent for the balance of the term. Plaintiff, as assignee of the lease, sues for the balance of the rent, and for damages for breach of covenant on the part of lessee to surrender the premises in as good condition as reasonable use thereof will permit, and to keep the same in good repair, and to close up and make good at the end of the lease any holes in the cellar bottom or walls caused by making connection with sewer drain, and asks the enforcement of a landlord's lien as to any amount found due the plaintiff as provided in the lease. With respect to liability for rent, the defendants contend that the premises were abandoned for breach of covenant on the part of the lessor to furnish " sec-

ond party with right to connect with sewer drain at rear of store building with drainage and fall sufficient to carry off water "; and there was a denial of any liability for damages for failure to keep in repair, or to close up and make good, holes in cellar bottom or walls caused by making the drain connection. As no complaint is made of the dismissal of the counterclaims and cross-petition, the issues thereby raised need not be stated.

I.  It is argued for appellant that the language of the lease with reference to drainage does not constitute a covenant to furnish sufficient drainage, but only a permission to make connection with the existing sewer drain at the rear of the building, which was a private drain constructed at the expense of the lessor and another property owner. But we think the language imposed upon the lessor the obligation to furnish a sewer drain which should have fall sufficient to carry off the water in quantity and manner involved in the use of the building for laundry purposes; the specific use to which the premises were to be put having been understood between the parties at the time of the making of the lease. This being the meaning of the language used, a failure on the part of the lessor to provide sufficient drainage would justify the lessee in abandoning the premises and preclude the recovery of rent after such abandonment. *Piper v. Fletcher,* 115 Iowa, 263; *Filkins v. Steele,* 124 Iowa, 742. The evidence is in conflict as to the sufficiency of the drain, but we are satisfied that the preponderance is in support of the contention made in behalf of defendants that the drainage was insufficient for laundry purposes. The drain did in fact fail to carry off the water, and it backed up into the cellar of the other owner of the drain who had never consented to its use to carry off water from a laundry, and who complained of the use thus made of it. Such joint owner might have enjoined its use for another purpose than that for which it was con-

*Margin note:* 1. LANDLORD AND TENANT: covenants: breach: abandonment of premises.

structed. *Kenilworth Sanitarium v. Kenilworth,* 220 Ill. 264 (77 N. E. 226).

There is some evidence for appellant tending to show that this insufficiency of the drain might have been due to obstructions from time to time resulting from articles of clothing being allowed to pass into it, but we are not satisfied that this testimony is sufficient to show that the drain was such as the lessor agreed to furnish. The defendants were not bound, therefore, to pay rent after abandoning the premises on account of the failure of lessor to furnish sufficient drainage. With reference to this defense, it is wholly immaterial whether defendant Chapman had a right to transfer his leasehold interest to defendants Chapin, and thereby escape further liability for rent, or whether defendants Chapin acquired any interest in the premises by such transfer, for it appears without question that the plaintiff knew of this transfer, and at least impliedly consented to it, by afterward accepting either from the Chapins directly or from Chapman the rent provided for in the lease.

II. As to the failure to repair generally, the complaint of plaintiff had reference almost entirely to the failure of defendants to restore the building to the condition in which it was at the time the lease was made. When

2. TENANTS' DUTY
   TO RESTORE
   PREMISES.

Chapman took possession of the building under the lease to use it for laundry purposes, he cut a hole in the roof for a standpipe, and another for a smokestack, and another for the dry room, and he also made changes in certain doors and partitions to adapt the premises to convenient use as a laundry. But we think that the covenant to repair did not require the lessee to obliterate these alterations and put the premises in the same shape in which they were when the lease was made. Having the right to make alterations to adapt the building to the intended use, the lessee was not under obligation to restore the building to its former condition. His only liability under the lease was to surrender the premises " in as good condition as reason-

able use thereof would permit," and to " keep said premises
. . . in as good repair as they now are." To make
authorized alterations did not constitute a breach of the con-
dition to keep in repair.

III. The appeal by Chapman does not raise any ques-
tion which would justify elaborate discussion. As there was
a specific covenant to make the drainage connections at his

3. SAME:       own expense, and to close up and make good
  damages.     any holes in the cellar bottom or walls caused
by making such connections, we think Chapman, or any one
claiming under him, was bound to restore the premises in
that respect to the condition they were in before the connec-
tions were made, and the decree in favor of plaintiff against
Chapman for damages in the amount of $5 for not doing so
was correct. We do not understand that there is any com-
plaint on the part of appellant that judgment for this amount
was not rendered against the Chapins.

We are satisfied that the decree does substantial justice
as between the parties, and it is *affirmed*.