ED DURBAND, Guardian, Appellant, v. JAMES H. NOBLE et al.,
Appellees.

LANDLORD AND TENANT: Improvements—Right to Remove—
1  Lease Requiring Surrender in Good Condition—Effect. On the issue of the tenant's right to remove improvements erected by him, the provision of the lease requiring the tenant "to surrender the premises in as good condition as when received" is immaterial, except in so far as it would prevent a removal detrimental to the land.

LANDLORD AND TENANT: Improvements—Presumption of Mer-
2  ger—Rebuttal. The presumption (conceding the same to exist) that improvements placed by a tenant upon leased premises become part of the land, is rebutted by a showing that the improvements are so erected that they may be removed without injury to the land.

LANDLORD AND TENANT: Improvements—Right to Remove—
3  Silence of Lease. Improvements erected upon leased premises may be removed by the erecting tenant, provided the removal may be made without injury to the premises, even though the lease is silent as to such right.

**LANDLORD AND TENANT:** Improvements—Purchase by Landlord
4 —Evidence—Insufficiency. Evidence that a landlord told the
tenant to proceed and erect certain improvements on the leased
premises, and that, when the tenant got through using them,
he (the landlord) would buy them, falls far short of a com-
pleted sale.

**LANDLORD AND TENANT:** Improvements—Purchase by Reduc-
5 tion in Rent—Rental Value as Evidence. Evidence that lands
were rented for less than their actual rental value is incompe-
tent to prove an alleged agreement to the effect that the land-
lord, by making a reduction in the rent, purchased certain im-
provements erected by the tenant on the leased premises.

*Appeal from Plymouth District Court.*—WM. HUTCHINSON,
Judge.

MARCH 7, 1918.

APPELLANT seeks an injunction to restrain the appellees
from moving certain buildings which appellee James H.
Noble placed upon the land of appellant's ward, while a
tenant. This relief was denied, and the petition of appel-
lant dismissed, and he appeals.—*Affirmed.*

*E. T. Bedell,* for appellant.

*Roseberry & Roseberry,* for appellees.

SALINGER, J.—I. J. H. Noble became the tenant of ap-
pellant's ward by written lease which is silent on the re-
moval of the buildings put upon the land by the tenant,
unless the matter is dealt with because of a provision that
the premises shall be surrendered at the termination of the
lease in as good condition as when received. Appellant
urges that the silence of the lease, and said provision therein
as to condition on surrender, operate to prohibit removal by
the tenant. He claims, in addition, that it was agreed, in
consideration of the reducing the rental below its actual
value, that the buildings should be and remain the property
of the landlord; he asserts that the removal would injure

the realty.  Appellees say there was no agreement that the buildings should become the property of the landlord, there was no reduction of rent, and certainly no reduction as consideration of such an agreement; that, on the contrary, there was an express oral agreement the tenant might put the buildings upon the premises and remove them at the termination of the tenancy; and that the landlord said he would like to buy them at the end of the term; and that the buildings can and will be removed without injury to the real estate.

II. The provision in the lease that the premises should be restored in as good condition as when taken seems to us to have no materiality.  At most, it exacts that the buildings placed upon the land by the tenant shall not be removed to the injury of the land.  Such removal was not authorized if the lease had not had this provision.  The question is not whether such a removal was contracted against, but whether such a removal is threatened.  On whether an injury to the land is threatened, the lease throws no light.

1. LANDLORD AND TENANT: improvements: right to remove: lease requiring surrender in good condition: effect.

III. Appellant contends for *Brown v. Bridges*, 31 Iowa 138, and 18 Am. & Eng. Encyc. of Law (2d Ed.) 639, that, when buildings are placed upon land, they *prima facie* become part of the land, "and the burden is on the party who denies such a merger."  Grant it for the sake of argument.  But have not appellees discharged that burden?  It is the undisputed testimony that the buildings are respectively placed upon posts and blocked up; that the machine shed "can be removed without difficulty or trouble, and the ground restored to its former condition," and the feed shed "can be removed off without injury to the premises."  We think that any presumption of merger there may be was rebutted.

2. LANDLORD AND TENANT: improvements: presumption of merger: rebuttal.

IV. The next claim is that the decree
3. LANDLORD AND TENANT: improvements: right to remove: silence of lease. lacks support, because the evidence fails to show that the lease gave any right to remove the buildings.

It is not material that the lease does not grant such right. Since we find the land will not be injured by the removal, a failure to grant is of no conse-quence, because the right to remove existed without grant by the lease. See *Ray v. Young,* 160 Iowa 613. And some support is given by *Daly v. Simonson,* 126 Iowa 716. Therefore, the question is not whether the lease gave such a right, but whether it took it away. We have disposed of the provision which deals with condition at surrender. With that provision out of the way, the lease is silent as to removal. Wherefore, the point that the lease does not give the right to remove does not make the decree erroneous.

V. The next point is that the right to
4. LANDLORD AND TENANT: improvements: purchase by landlord: evidence: insufficiency. remove was not given by *any* agreement. What we have said on the silence of the lease applies to this proposition. It may be said, in addition, that it is testified to without dispute that the landlord told the tenant to go ahead and build the buildings, and that, when the tenant got through, the landlord would buy everything. At this point, we hold it is immaterial that the right to remove was not given by contract, but that, if it were material, there was an agreement that the buildings should be the property of the tenant unless the landlord bought them at the end of the term.

### 5-a

But it is said that the agreement makes "a simple case of bargain and sale, involving no right of removal." The argument is that the landlord purchased the buildings, and that this ends the right to remove, even if the buildings can

be removed without injury to the land; that the remedy is to sue for the purchase price. The deduction is perfect, if the premise be sound. But a statement to go ahead and build, and that the speaker would buy what was built when the other "got through" with the buildings, is not a pur- chase. It suffices to say on this head that no payment was ever made on this proposition, nor tender, and that the rights of the parties remain what they would be had the landlord never made said statement. The case of *Bowe v. Frink*, 137 Iowa 1, at 4, has no applicability. In that case, there was established what is here disputed: that the im- provement could not be removed without injury to the realty; for it was a cement sidewalk placed there by the plaintiff. He was defeated in an attempt to treat this side- walk as chattel property, and in a suit for conversion, based on the claim that the sidewalk had been converted because the owner had sold the land.

VI. The remaining question is, Were the buildings bought by giving a reduction in rental? The testimony which is in the record proves there was no agreement to pay with such a reduction, and that there was no reduction from the true rental value of the land. If, then, there be error, it must lie in having excluded testi- mony tendered by plaintiff for which the plaintiff claims that, if admitted, it would show that the rent was reduced to pay for the buildings. And we next inquire into what the excluded testimony would tend to prove.

5. LANDLORD AND TENANT: im- provements: purchase by reduction in rent: rental value as evidence.

The rental agreed on was $4.25 an acre. The witness Durband was asked what the rental value of the land was at the time the lease was made. He answered that it was from $5.50 to $6.60 an acre. The objection that this was incompetent and immaterial was sustained. Thereupon, plaintiff made proffer to show by the testimony of this witness that, at the time the lease was made, the rental

value of the land was at least $5.50 an acre, and he offered to show by other witnesses it was worth from $5.50 to $6.00 an acre as rent. This offer was rejected, for being incompetent and immaterial under the issues.

It is manifest that the most that the excluded testimony would prove was that the land was rented for between $1.50 and $1.75 an acre less than the market value of the rental. This manifestly does not meet the testimony of the appellee that there was no agreement the difference in value should pay for the buildings. It tends to prove what it says, and no more; and that is, not that the differentiation was made as a purchase price for a particular thing, but that, for some reason, less rent was agreed upon than the land was worth.

Now, the plaintiff further offered to show by the witness Durband that, at the time the lease was made, 'the deduction was allowed as full compensation for all of the buildings and improvements put upon the premises by J. H. Noble under the former lease, and that the same was accepted by him pursuant to that arrangement." In the very nature of things, this was open to the objection made that it was incompetent. It is almost wholly, if not wholly, the opinion and deduction of the witness. But passing that, this witness testifies he was not present when the lease of 1908 was made; although he adds, "It was all talked over before the lease was ever drawn," it not being said with whom it was talked over, and whether witness had anything to do or was present at the talking. He adds, also, he was not present "when the present lease was made, but had talked the matter over with my father." It seems plain that, if all the proffered testimony had been admitted, that so much of it as was competent would not have disproved the positive statement of parties to the lease that no reduction was made as the purchase price of the buildings. It is not amiss to add that, if the theory of the apellant is to prevail, the

landlord paid for buildings which, when new, cost around $220 by reducing the rental by from $372 to $434,—which would evince a quite unnatural anxiety to have the buildings after the tenant got through with them.

On the whole, we are well content with the action of the trial court, and its decree is—*Affirmed.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.