STRIMPLE, Respondent, vs. PARKER PEN COMPANY, Appellant.

*March 15—May 9, 1922.*

*Landlord and tenant: Treble damages: Possession after judgment by consent: Stipulations: Construction of penal statutes: Damages.*

1. A provision in a stipulation on which judgment was entered for plaintiff in unlawful detainer proceedings, that there should be entered a stay of all proceedings under the judgment till a certain date, makes subsequent possession by consent and negatives the right, under sec. 3367, Stats., to treble damages for "unlawful possession" subsequent to the judgment, though the stipulation further provided that, except as to matters

"expressly covered hereby," it shall leave the parties with the same legal rights and liabilities as if judgment had been entered after the action had been tried.

2. Statutes providing multiple damages are highly penal in character, should be strictly construed, and should not be extended to doubtful cases.

3. Where the lessee continued in possession for a certain time after judgment was entered, the lessor cannot thereafter recover of him both what the premises would be worth to the lessor for other purposes for such period and also the reasonable rental thereof, this being a duplication of damages.

OWEN and ROSENBERRY, JJ., dissent.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Modified and affirmed.*

Action under sec. 3367, Stats., to recover rent for the use of a certain building and for treble damages for the unlawful withholding of possession of said premises from plaintiff. The complaint alleged in substance that in March, 1917, plaintiff leased a portion of his building to defendant at the rate of $20 per month, and that defendant occupied such portion as a tenant from month to month until April, 1918; that on such date plaintiff leased a larger portion of the building to defendant at $40 per month; that defendant continued in possession as tenant from month to month, and erected certain partitions which rendered inaccessible for use by plaintiff or any one else a portion of the building theretofore used for storing automobiles; that on the 1st day of June, and again on the 29th day of September, 1919, plaintiff, by notice in writing, terminated the tenancy and demanded possession of the premises on the 1st day of November, 1919; that defendant ignored the termination of the tenancy and refused to deliver possession of the premises, and that plaintiff, by virtue of sec. 3367, Stats., is entitled to recover treble damages. The complaint further alleged that in November, 1919, plaintiff recovered in the municipal court of Rock county a judgment awarding restitution of the premises; that defendant thereafter appealed

to the circuit court for Rock county, and on the 19th day of December, 1919, the judgment of the municipal court was affirmed; and that by reason of the foregoing plaintiff was entitled to $400 for use of the premises and to treble damages.

The answer admitted the tenancy from month to month until April, 1918, and alleged that on such date a lease for one year was made at the rate of $40 per month; that in November, 1919, plaintiff was awarded restitution of the premises by a judgment of the municipal court; that while such suit was in progress the parties agreed that judgment in favor of plaintiff should be entered by the court, awarding restitution of the premises, and that upon entry of such judgment the court should enter a stay of execution until April 1, 1920; and that the agreement was carried out. The full text of the stipulation is as follows:

"1. That the facts established by the testimony received on behalf of the plaintiff upon the trial of this action in said municipal court for Rock county be considered as facts established in this court, and that, based thereon, a judgment may be entered in favor of said plaintiff and against said defendant finding the defendant guilty of the facts alleged in plaintiff's complaint and awarding plaintiff restitution of the premises therein described and for his taxable costs and disbursements.

"2. That defendant waives all right of appeal from said judgment and hereby agrees not to appeal therefrom, and that, in consideration of such waiver and agreement, it is stipulated that, upon the entry of judgment as above agreed, the court make and enter a stay of all proceedings under said judgment until April 1, 1920, and if at that time circumstances without fault of the defendant shall be such as would work a great hardship on defendant to vacate said premises at that time, the court may grant such further stay of proceedings under said judgment as may be shown to be necessary to relieve said defendant with reference to vacating said premises and on such terms as the court shall deem just.

"3. It is further stipulated and agreed that, except as to

matters expressly covered hereby, this stipulation shall leave both parties with exactly the same legal rights and liabilities as if this action had been tried and this judgment herein stipulated had been regularly entered upon such trial in favor of plaintiff."

The case was submitted to the jury on a special verdict. The following findings as to the damages suffered from November 1, 1919, to April 1, 1920, were made:

1. Loss sustained because of inability to rent for car storage that part of the building occupied by defendant, $300.

2. Loss for same reason on that part of building rendered inaccessible by defendant's partitions, $375.

3. Loss consisting of probable profits plaintiff would have realized from sale of supplies, accessories, etc., had defendant surrendered possession, $650.

4. Expense of suit to oust defendant, $60.

5. Reasonable value of use of portion of building occupied by defendant from July 1, 1919, to April 1, 1920, $40 per month.

The trial court held that judgment should be entered in accordance with sec. 3367, Stats. He accordingly trebled the amount of the damages found, including five months' rent, but excluding multiple damages as to the expense of the ouster suit. Judgment was entered in the sum of $5,016.30.

For the appellant there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and oral argument by *O. A. Oestreich.*

*Charles E. Pierce* of Janesville, for the respondent.

JONES, J.    The first question for consideration is whether the plaintiff was entitled to treble damages. It is claimed by plaintiff's counsel that the stay granted was exactly as if an execution had not been sued out and no stipulation made, because defendant was staying without right, without

rent, and expressly stipulating that both parties should be left with "the same legal rights and liabilities as if the action had been tried and this judgment herein stipulated had been regularly entered upon such trial in favor of plaintiff." It is argued that "whether that judgment was stayed by an act of the court, by the assent of the plaintiff, either by neglecting to get out his execution and oust the defendant or in any other way, as by an appeal, the liabilities existing thereunder on the part of the defendant continued and were not changed."

On the other hand, defendant's counsel contend that after the stipulation defendant, during the stipulated period, occupied the premises with plaintiff's consent and not contrary to law and plaintiff's rights. It is claimed as the result that no treble damages could be recovered between December 19, 1919, and April 1, 1920, and that as to this period the rights of the parties are not to be determined by the unlawful entry and detainer statute but by the provisions of the contract.

The decision of the question before us evidently depends upon the construction to be given to the stipulation. No case has been cited and we have found none which helps to construe the stipulation, and we are compelled to ascertain the intention of the parties as best we can from the writing and the surrounding facts.

Plaintiff contends that the defendant was merely seeking delay and had no defense or occasion to appeal. On the contrary, defendant claims that there was a *bona fide* controversy and that it had the right to occupy the premises until April 1st, and that the appeal was taken in good faith. The record of the municipal court is not before us, and we can hardly assume that plaintiff would have made the stipulation if it had been perfectly clear that defendant could be ousted and that the judgment of the municipal court could be sustained. In other words, it seems that experienced attorneys would not have advised their client to sign the

stipulation unless it seemed to be to their mutual advantage. Plaintiff's counsel who signed the stipulation argues that it was made solely for the benefit of defendant, but we think this does serious injustice to his own well-known ability. We regard it a far more reasonable conclusion that the stipulation embodied one of those compromises so often made on the eve of trials where each party, to avoid the expense and uncertainty of litigation, makes some concessions. We cannot agree to the proposition that the rights of the parties were the same as if the judgment had been affirmed in the circuit court without any stipulation and the plaintiff had refrained for a time from issuing execution. In that case the defendant would still have remained in unlawful possession, and on action brought under secs. 3366, 3367, Stats., would have been liable for treble damages. In other words, we cannot ignore the stipulation. It seems very clear to us that, after the stipulation, defendant's possession was by consent.

Plaintiff's counsel point out that the stipulation was before and not after the judgment of the circuit court, and this is claimed to be significant. We think this quite immaterial. Both the court and the parties relied and acted on it, and it is plain that after the stipulation was made plaintiff was so bound by it that he could not have ejected defendant before April following.

Plaintiff's counsel contends that the matter of damages was not "expressly covered" by anything that preceded the last paragraph of the stipulation and therefore there is nothing in the stipulation to prevent treble damages. But it is too plain to require argument that the second paragraph, for a valid consideration, consents to occupancy by defendant until April 1, 1920. This seems to us just as effectual a negation of the right to collect treble damages as if it had been stated in express terms. The judgments in the municipal and circuit courts were rendered pursuant to forcible entry and unlawful detainer statutes. In the case of for-

Strimple v. Parker Pen Co. 177 Wis. 111.

cible entry there may be a fine, but the section as to treble damages is the same with respect to both classes of actions. In both, in order to have a recovery by plaintiff the defendant must be found "guilty." In the case at bar, in order to justify treble damages during the period in question there must have been an unlawful holding over by the defendant. We cannot construe the stipulation as containing any agreement to pay treble damages; on the contrary, we construe it as such a consent to continued possession as is wholly inconsistent with one which is unlawful.

As bearing on this subject, we regard the clause providing that the court could extend the stay beyond April 1st "on such terms as the court shall deem just" quite significant. This clause not only implied a lawful possession during the interval but also a possible lawful continuance beyond April 1st.

Although there are a few decisions to the contrary, by the weight of authority statutes of this character are treated as penal statutes, to be strictly construed. 16 Ruling Case Law, "Landlord and Tenant," § 691; *Jones v. Taylor*, 136 Ky. 39, 123 S. W. 326, 22 Am. & Eng. Ann. Cas. 276. Our forcible entry and detainer statutes go back to the revision of 1839. Construing the statute (sec. 14, ch. 151, Tay. Stats. 1871) giving treble damages, this court said:

"The statute under which this action was brought is highly penal, and its operation should not be extended to doubtful cases. It certainly should not be used as a substitute for ejectment; and it seems to us that in this case an attempt is made so to use it." *Carter v. Van Dorn*, 36 Wis. 289.

Plaintiff's counsel has cited several cases to sustain his contention, but we do not regard them as applicable for the reason that they are not cases in which there was any stipulation as to the nature of the possession. It is our conclusion that the plaintiff was not entitled to treble damages except for the period from November 1, 1919, to December

19, 1919, and for this period such damages were conceded by defendant's counsel.

Defendant's counsel claim that the court erred in awarding judgment for both rental value and loss of storage rentals. We regard this a valid objection. By the judgment the plaintiff would receive a rental income for his property and also what he could have earned if he had used it himself. The lease was a necessary factor in estimating value of the business. *Poposkey v. Munkwitz,* 68 Wis. 322, 32 N. W. 35; *Smith v. Wunderlich,* 70 Ill. 426. The testimony relating to damages for loss of car-storage rentals, the item covered by defendant's objection, is not printed. The only objection made by the appellant's counsel is that there was a duplication. No claim is made by counsel that the only damages allowable during the period in question was $40 per month. Perhaps no such claim is made because, under all the circumstances, that amount would afford no adequate compensation. While there was consent to the continued possession, there was no agreement as to the compensation to be paid. No precedent is cited applicable to the very unusual situation. The defendant had the use and occupation of plaintiff's premises and should pay what the use of the premises was reasonably worth, or in the language of our statute, the lessor should have "reasonable satisfaction." *Wittman v. M., L. S. & W. R. Co.* 51 Wis. 89, 8 N. W. 6; 2 Tiffany, Landl. & T. § 318; 1 Underhill, Landl. & T. § 365.

Under this item of damages the court and jury, having heard the testimony, allowed $300. Since the testimony is not printed and no claim is made by defendant's counsel that it is an improper or excessive charge, we concur in its allowance, but not in the double charge of $40 per month.

No objections are made to the other items of damages allowed by the court, and in the brief of counsel it is expressly stated that the only two questions raised on this appeal are those we have considered. We consider that the

Strimple v. Parker Pen Co. 177 Wis. 111.

plaintiff should recover on the basis of the special verdict, excluding the amount allowed as rental and treble damages, except for the period from November 1st to December 19, 1919.

*By the Court.*—The judgment appealed from is modified and affirmed, and the cause is remanded to the circuit court with directions to award judgment in plaintiff's favor for the amount of the damages as indicated in the foregoing opinion, costs to be paid by respondent.

OWEN, J. (*dissenting*).  The respondent brought an action against the appellant in the municipal court of Rock county to recover the possession of certain premises of which appellant was in possession as tenant from month to month, respondent claiming that the tenancy had been terminated in the manner prescribed by statute.  A judgment of ouster was obtained in that court and the appellant appealed to the circuit court for Rock county.  While the case was pending in that court and before it was reached for trial, the stipulation set forth in the statement of facts was entered into by the parties.  The opinion holds that this stipulation was in effect a new leasing, and that subsequent to the signing of the stipulation the possession of appellant was lawful, permissive, and contractual.  To this I cannot agree. The stipulation was made in the course of judicial proceedings.  It provided for the entry of a judgment in accordance with respondent's contentions.  Appellant waived its right of appeal from that judgment and respondent waived his right to secure the issuance of a writ of restitution until the following April 1st.  To my mind it is perfectly plain that appellant was defending that action for the purpose of retaining possession of the premises; that it realized that it had no defense to the action and consented to the entry of judgment in the circuit court and waived its right of appeal therefrom on condition that it should not be actually ousted from the premises until the 1st day of April following. Pur-

suant to the stipulation judgment was so entered, and the respondent refrained from procuring the issuance of a writ of restitution prior to the 1st day of April.

In my opinion the effect and purpose of the stipulation was to regulate the exercise of procedural rights belonging to the parties in the then pending action, and not to create new contractual relations. I can see no elements of a contract in this stipulation. To my mind it does not amount to a new leasing. If a new leasing were intended, why enter the judgment in the original action? A much easier and more natural way of bringing about the result which the court ascribes to the stipulation would have been the execution of a new lease expiring by its terms on the 1st day of April. If the possession of the appellant between the date of the judgment and the 1st day of April was under a new and different term, the judgment entered could not affect such holding. Its effect would be no more than to declare the possession of the appellant up to the rendition of the judgment unlawful, and so long as the defendant persisted in remaining in possession under the circumstances existing prior to the rendition of the judgment, a writ of restitution could issue on the judgment and possession of the premises restored to the respondent. If, however, the possession of the appellant after the rendition of the judgment was pursuant to a new leasing, manifestly that right of possession could not be judicially ended except in a new and separate cause of action. Such plainly was not the intention of the parties. It seems plain to me that the purpose of the stipulation was to permit the appellant to remain in possession until the 1st day of April, which possession, however, should be of the same character as was its possession prior to the stipulation or the entry of judgment in circuit court. Knowing that appellant had the right of appeal, by which appellant's possession could be prolonged much beyond the 1st of April, respondent agreed that a writ of restitution would not be issued until the 1st of April, and that its issuance

might be further stayed by the court upon a proper showing by the appellant.  In my opinion, appellant's position subsequent to the rendition of the judgment was of the same character as was its possession prior to that date, and that it became liable for treble damages up to April 1st.

Assuming that there was a new leasing by virtue of the stipulation, and that thereafter appellant's possession of the premises was permissive and contractual, I think it is liable only for the reasonable rent of the premises.   The relationship between the parties in that view of the case being contractual, the law implies a promise on the part of the lessee to pay the reasonable rental value of the premises and not to pay damages of the character allowed by the court.

ROSENBERRY, J.   I concur in the foregoing dissenting opinion of Mr. Justice OWEN.