L. B. WEIBLE, appellee, v. O. E. KLINE and O. E. KLINE, agent
for Leta L. Stout, appellants.

No. 49837.

(Reported in 100 N.W.2d 102)

DECEMBER 15, 1959.

James Furey and Leighton A. Wederath, both of Carroll, for appellants.

L. E. Sweany and Edward S. White, both of Carroll, for appellee.

OLIVER, J.—Plaintiff, L. B. Weible, is the tenant on a farm in Carroll County. Defendants O. E. Kline and Leta L. Stout, for whom Kline is agent, are the landlords. The term of the lease is from March 1, 1956 to March 1, 1961. This suit started with Weible's petition for a declaratory judgment, filed November 22, 1957, setting out a lease between the parties, and stating plaintiff-tenant had complied with its terms but that defendants, claiming he had breached its conditions, had given him notice of its cancellation effective March 1, 1958, and also a three-day notice to quit the premises. Plaintiff alleged also there was an actual controversy as to the meaning of the terms of the lease which should be settled by a declaratory judgment, for which he prayed, together with supplementary relief.

December 1, 1958, approximately one year later, defendants filed answer and cross-petition. The answer denied the allegations of the petition and prayed its dismissal, general relief, etc. It developed the basis for the denial was there were two leases between the parties, bearing the same date and containing the same provisions. The lease set out in the petition covered the Northwest Quarter and 120 acres in the Southeast Quarter of a certain Section, while the lease set out in the answer covered the Northwest Quarter only. However, the lease for 160 acres only was, in fact, the more recent and was the one adjudged to be in effect at the times here in question. Defendants' cross-petition set out this lease for 160 acres, alleged plaintiff had violated its terms in various particulars, and stated they had given plaintiff a three-day notice to quit the premises.

The cross-petition prayed judgment in forcible entry and detainer removing plaintiff from the premises and for general equitable relief. Plaintiff filed a reply and defendants amended their answer and cross-petition. The suit was tried early in 1959. Intermingled with the charges and countercharges was the question of an accounting between the parties. The lease provided for share rent for corn, oats and soy beans produced and cash rent for pasture and hay land.

During the year 1958 there had been a series of formal communications from lawyers on each side to opposing parties concerning the amount to be paid defendants under the lease. Counsel for plaintiff-tenant computed the amount at $175.27 and sent a check for this amount to counsel for defendants. Counsel for defendants returned the check stating the correct amount was $908. In an amendment to their cross-petition defendants alleged plaintiff owed them $1123.28 for which sum they prayed judgment together with costs and $1000 attorney fees.

November 26, 1957, almost immediately after Weible had instituted this suit, O. E. Kline for himself and as agent for Leta L. Stout instituted a forcible entry and detainer suit against Weible and wife based on the three-day notice to quit set out in plaintiff's, Weible's, petition in the case at bar. Although that suit was started after the case at bar it went to trial in February 1958, a year earlier than the trial in the case at bar. The claimed breaches of the lease relied upon by the landlords in that case were similar to those subsequently claimed by the landlords in the case at bar. February 28, 1958, the court rendered judgment against plaintiff-landlords in the forcible entry and detainer suit brought by them. No appeal was taken from that judgment.

In the trial of the case at bar defendant-landlords introduced in evidence certain exhibits and the statement, findings, conclusions and judgment entry in their forcible entry and detainer suit against the Weibles. The findings of that case state, in part:

"From the evidence offered and introduced the Court finds that the defendants herein [Weibles] have at all times prepared

258

the ground and planted the crops in accordance with the provisions of the lease insofar as they have been followed by either the plaintiffs or the defendants.

"\* \* \*

"From all the evidence offered and introduced, the Court finds that the plaintiffs have in every respect, so far as the committing of waste or not living up to the covenants of the lease are concerned, failed to sustain the burden of proof which is upon them to sustain.

"\* \* \*

"The Court now concludes from the admissible evidence which has been offered and introduced in this case and that which is credible, the plaintiffs have wholly failed to sustain the action of forcible entry and detainer.

"\* \* \*

"This cause of action is mostly predicated upon breaches of the conditions of the lease and under the findings of fact as herein made, the Court concludes that the lease, Exhibit B, has in no manner been breached by the defendants."

The court adjudged that plaintiff-landlords' petition for termination of Weible's lease, etc., be dismissed.

■ I. The basic propositions involved in the case here upon appeal were the declaratory judgment sought by plaintiff, the forcible entry and detainer judgment sought by defendants and the accounting. In the trial defendant-landlords first introduced evidence in support of their forcible entry and detainer case. They had pleaded approximately twenty-five breaches of the lease by plaintiff but did not offer evidence of all of them. The trial court found from the evidence "that there is no evidence sustaining a single item complained of by the defendants." This finding is entitled to substantial weight. We have considered the record, in the light of this finding, and are persuaded the finding is correct. Moreover, many of defendants' complaints were of alleged breaches of the lease too minor to warrant its cancellation, had the same been proved.

■ II. The trial court also found, and we agree, that the lease between the parties is clear and unambiguous and its interpretation is unnecessary. Hence, the court properly denied any

declaration of rights other than the determination the lease to 160 acres only was the one actually in effect at the time in question.

■ III. A number of items were involved in the accounting between the parties. These were taken into consideration by the trial court. The resulting computations showed plaintiff-tenant was indebted to defendants in the accounting in the amount of $311.45 for which amount judgment was rendered for defendants. The record supports the findings of the court in this accounting. Hence, this part of the judgment is affirmed.

■ IV. Appellants assign error to the failure of the court to award them attorney fees. Their contention is based upon a provision of the lease that the tenant shall pay all attorney fees that shall arise from enforcing any of the covenants of the lease. However, the question of the allowance of attorney fees in this situation is governed by section 625.22, Code of Iowa, 1958, which provides in part:

"Attorney's fees. When judgment is recovered upon a written contract containing an agreement to pay an attorney's fee, the court shall allow and tax as a part of the costs:

"1. On the first two hundred dollars or fraction thereof · recovered, ten percent.

"2. On the excess of two hundred to five hundred dollars, five percent.

"* * *."

Code section 625.24 provides such attorney fees, "shall not be taxed in any case unless it shall appear by affidavit of the attorney, filed with the petition at the commencement of the action, that there has been, and is, no agreement between such attorney and his client, express or implied, nor between him and any other person, except a practicing attorney engaged with him as an attorney in the cause, for any division or sharing of the fee to be taxed, which, when taxed, shall be only in favor of a regular attorney and as compensation for services actually rendered in the action."

■ The record in the case at bar does not show the filing of such affidavit of the attorney and this court was advised in oral argument that no such affidavit was filed. Therefore, no attorney fees properly could be taxed as part of the costs under Code

section 625.22. Holden v. Voelker, 228 Iowa 589, 293 N.W. 32. We need not determine whether under the record in this case an attorney fee for defendants' attorney could have been properly taxed had the necessary affidavit been filed.

The judgment of the trial court is affirmed.—Affirmed.

BLISS, GARFIELD, HAYS, THOMPSON, PETERSON, GARRETT, and THORNTON, JJ., concur.

LARSON, C. J., concurs in the result.