IRVIN B. BENTLER, appellant, v. EDWIN O. POULSON, appellee.

No. 51987.

(Reported in 141 N.W.2d 551)

April 5, 1966.

Wilson, Stamatelos & Glenn, of West Des Moines, for appellant.

Shirley, Smith & Shirley, of Perry, and Frush & Van Werden, of Adel, for appellee.

Stuart, J.—Landlord brought this action in forcible entry and detainer seeking to oust tenant from possession of certain premises for breach of covenants contained in a written lease. The trial court held tenant did not violate the provisions of the lease. We affirm.

Landlord owned a tract of ground along U. S. Highway 6 in Dallas County. He had operated a filling station on these premises for several years. He leased a dwelling house also located on the premises to defendant for a five-year period, commencing January 1, 1961, with an option to renew for five more years to be used in the operation of a cafe. Tenant was to do the necessary remodeling and was to be reimbursed by landlord through deductions from the rent and the improvements then became landlord's property. The lease then provided: "It is

further understood and agreed between lessor and lessee, that any additional improvements and remodeling are to be agreed on between the above parties in writing." It is the violation of this provision which landlord claims entitles him to forfeiture and possession.

The acts of which landlord now complains took place prior to February 1964. Landlord was in the restaurant almost daily and knew of tenant's activities at the time or very shortly thereafter. Except as hereinafter noted, no objections were made nor was there difficulty between the parties until December 1964. At that time landlord started a restaurant across the road. Tenant brought suit, the merits of which are not involved here, to enjoin him from doing so under restrictions in the lease. The notice of forfeiture upon which this action is based followed.

I. This action is in equity and is governed by equitable rules. Although our cases have not said in so many words that substantial compliance with the terms of a lease will avoid a forfeiture, the language of the cases supports that statement. "Generally equity is somewhat less strict than law in requiring performance by one who seeks to enforce a contract." Lautenbach v. Meredith, 240 Iowa 166, 173, 35 N.W.2d 870. "Equity looks to the substance rather than the form and seeks to prevent injustice." Cota Plastering Co. v. Moore, 247 Iowa 972, 978, 77 N.W.2d 475. "Moreover, many of defendants' complaints were of alleged breaches of the lease too minor to warrant its cancellation, had the same been proved." Weible v. Kline, 251 Iowa 255, 258, 100 N.W.2d 102, 104. We will view the evidence of landlord's complaints with these statements in mind.

1. Landlord claims tenant breached the lease in 1963 by installing a dishwasher and in cutting a hole in the roof for a vent. We do not consider the installation of a dishwasher to be an additional improvement or remodeling. This is equipment for the operation of the cafe which the lease required tenant to purchase and which remained his property. The possibility that this type of equipment might be installed in a restaurant should have been within the contemplation of the parties at the time the lease was executed. The venting is a necessary part of the installation and the hole, if properly repaired when the dishwasher is re-

moved, should not damage the building in anyway. If it is not properly done, landlord might have an action for damages at that time.

2. In January 1964 tenant without landlord's consent installed a new furnace which required another opening in the roof. The furnace is not described and we have no way of knowing whether it was a small gas furnace easily removable or a permanent type furnace. Arguments indicate it is removable, and the burden to prove otherwise is on landlord. If so, it would not be an improvement or remodeling but in the nature of equipment necessary to the operation of the restaurant. Damage to the building, if any, would be determined at the termination of the lease.

3. In 1961 a removable canopy was placed over the west window without landlord's consent. We do not believe this constitutes an improvement or remodeling within the terms of the lease. It can be removed without damage to the premises.

4. In 1962 tenant placed a windbreak around the west door. It was attached to the house but was removable without damage. This was not an improvement or remodeling which required written consent.

5. Tenant brought three small buildings onto the premises. One was brought on when possession was taken under the lease, one was added in 1962, and another added in 1963. Two are on skids and the third is easily moved. They are all used in connection with the restaurant and are not additional improvements or remodeling. There is no clause in the lease which prohibits tenant from bringing this type of building on the leased premises.

6. Landlord claims he was required to dig a new well because the dishwasher used more water than anticipated. The well was dug in August 1964 and was used by both landlord and tenant. Landlord agreed to furnish tenant with water for $10 per month. No complaint was made when the dishwasher was installed and it should have been within the contemplation of the parties that a successful business would consume more water and require modern equipment.

II. Landlord claims tenant violated the terms of the lease by failing to submit a suitable liability insurance policy to

him for approval every year. None was presented until landlord requested it in December 1962. It was changed to protect landlord as owner of the building and then was accepted by him. It has not been submitted to him since, nor has it been requested. Evidence shows this policy has been renewed in subsequent years as required by the lease. Having been approved once, it was not necessary to resubmit it every year. If satisfactory insurance is in force, failure to submit it for inspection is such a minor matter, it would not justify forfeiture.

III. Landlord claims the acts discussed in Division I are material alterations of the premises and constitute waste. It is true that the committing of waste on leased premises will work a forfeiture. Verlinden v. Godberson, 238 Iowa 161, 165, 25 N.W.2d 347. However the evidence here fails to show any waste. The acts complained of made no changes in the basic structure and all property can be removed easily at the end of the lease without damage to the building. It is possible that the removal and replacement of a furnace might constitute waste, but there is no evidence presented here which would justify a finding of waste in this instance.

IV. "It is a familiar saying that equity abhors a forfeiture. Kilpatrick v. Smith, 236 Iowa 584, 593, 19 N.W.2d 699, 703 ('* * * forfeitures are not favorites of either law or equity, and when they are enforced those claiming them should show that the equities are clearly on their side.')" Roshek Realty Co. v. Roshek Brothers Co., 249 Iowa 349, 358, 87 N.W.2d 8, 13.

Here the equities do not appear to be with landlord. He was in the restaurant almost everyday. He knew the tenant was doing the things of which he now complains and made no objection. In fact, it was almost a year after the last act complained of had been completed before this action was started. He had accepted his rent regularly. There was no expense to landlord other than the cost of the well. It would seem he did not consider these matters breaches of the lease until he became involved in a lawsuit with tenant for breach of the terms of the lease on his part.

We believe the decision of the trial court was right.—Affirmed.

All JUSTICES concur.