LESLIE PONTIAC, INC., a corporation, et al., Appellees and Cross-Appellants,

v.

Julius NOVAK, Appellant and Cross-Appellee.

No. 55101.

Supreme Court of Iowa.

Nov. 15, 1972.

---

Porter, Heithoff, Pratt & Reilly, Council Bluffs, for appellant and cross-appellee.

Johnson, Stuart, Tinley, Peters & Thorn, Council Bluffs, for appellees and cross-appellants.

Heard before MOORE, C. J., and Le-GRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

This is a landlord-tenant dispute involving rights and obligations at expiration of a written lease. Each appeals from trial court's decree. We modify and affirm the decree as modified on both appeals.

The facts are largely undisputed. Tenant (defendant Julius Novak) leased the Council Bluffs premises involved from landlord (plaintiffs Leslie Pontiac, Inc., Ralph E. Leslie and Maxine C. Leslie) for use by his Pontiac dealership for a two-year period beginning November 11, 1968. Rental was $2600.00 monthly. Tenant covenanted that at lease expiration he would "quit and surrender the demised premises without notice in a good and substantial state of repair, reasonable wear and tear and damage by fire or the elements or from causes beyond his control, excepted." Landlord expressly waived "any right to claim any signs, equipment, and/or fixtures affixed to the realty as real property" and recognized tenant's right to remove them at the lease's end provided that the premises were "repaired and restored" to their original condition.

During the lease term, tenant with landlord's consent made substantial alterations and improvements to existing buildings on the premises to accommodate his dealership. In addition he added a steel building to the premises for parts storage against landlord's wishes. This building was basically a steel shell set on a concrete slab and had no insulation or utilities. The building and slab cost about $6000.

Tenant did not exercise his option to renew the lease and on October 23, 1970, notified landlord of his intention to quit the premises on November 11, 1970, the date of lease expiration. Tenant began to move certain of the fixtures and improvements from the premises to a new dealership site. Six days before the end of the term, landlord brought an injunctive action to prevent tenant from removing plaintiff's property, tenant's improvements, the steel building, and to require him to restore the premises and reinstall items removed. An *ex parte* injunction was issued the same day restraining tenant from removing improvements and the steel building. Tenant did not vacate the premises but kept possession until December 18, 1970, the date of trial. During that period landlord was permitted to come upon the premises when he asked, and tenant was allowed to remove certain agreed items.

Landlord, by amendment to his petition, claimed double rent for the period of holding over.

Evidence at trial showed tenant did not wish to dismantle and remove certain of the improvements and alterations; others

he had already removed, but landlord claimed the premises had not in those instances been restored to original condition. For example, in one instance tenant during the term had put an overhead door where there had been a wall. He removed the door and proposed to substitute a used one. In another instance, landlord alleged fluorescent lighting tenant had put in one building was removed but not replaced with landlord's original fixtures. Tenant claimed the injunction interrupted his restoration work. There was some evidence of minor damage to the premises.

In its decree, trial court ordered tenant to place the leased premises in the same condition as existed at the inception of the lease, ordinary wear and tear excepted, and gave tenant the right to remove the steel building he had added to the premises. Landlord was given judgment for $3293.08 with interest at five percent from April 27, 1971, the date of decree as rental at the lease rate for the period of holding over.

## TENANT'S APPEAL

Tenant claims trial court erred (1) in ordering restoration of the premises to their original condition and (2) in awarding rent.

■ I. Landlord acknowledges that the decree provision ordering restoration of the premises to their original condition cannot apply to alterations and improvements placed upon the premises by tenant during the lease term and not removed. The lease gave the tenant the *right* to make alterations and improvements and the *option* to remove them at its expiration. Only in the event the removal option was exercised with respect to a particular alteration or improvement would that portion of the premises have to be restored to original condition. Where alterations were made and removed, tenant's only obligation was to surrender the premises in a good and substantial state of repair, subject to the exceptions stated in the lease. Where, as here, a lease carries with it the right to

adapt the premises to their intended use, the lessee is under no obligation to restore them to original condition at least expiration unless the alterations are removed. See Bentler v. Poulson, 258 Iowa 1008, 141 N.W.2d 551 (1966); Durband v. Noble, 182 Iowa 1271, 166 N.W. 581 (1918); Marks v. Chapman, 135 Iowa 320, 112 N.W. 817 (1907); 51C C.J.S. Landlord and Tenant § 408; 49 Am.Jur.2d Landlord and Tenant § 940.

Trial court may have intended to limit its decree accordingly but, if so, tenant has apparently misunderstood it. We therefore modify the decree to require tenant to restore the premises to their condition at the inception of the lease except where change of condition is due to ordinary wear and tear or alterations and improvements which tenant does not choose to remove. Where tenant chooses to remove alterations and improvements he must restore the premises to their original condition; where he does not choose to remove them he must comply with the lease covenant to return those parts of the premises in good and substantial repair.

II. On the issue of rent, tenant argues none is due for the holdover period because his occupancy was required by landlord's injunction. He claims he felt obliged to see that the status quo was maintained until the merits of the case could be heard.

■ Where, as here, a lease gives the right of removal of fixtures, alterations and improvements at its expiration, the tenant is entitled to a reasonable period of access thereafter for that purpose. Ray v. Young, 160 Iowa 613, 142 N.W. 393 (1913); Vorse v. Des Moines Marble & M. Co., 104 Iowa 541, 73 N.W. 1064 (1898). However, the injunction forestalled rather than mandated removal and did not authorize or require the holding over. Access for removal would have been assured by the court after trial of the case.

Landlord is entitled to rent for the holdover period. The amount will be discussed in connection with landlord's cross-appeal.

## LANDLORD'S CROSS–APPEAL

Landlord asserts trial court erred (1) in authorizing tenant to remove the steel building and (2) in failing to award double rent for the holdover period and interest from the date possession was surrendered.

III. We agree with trial court that the steel building placed on the premises by tenant did not become part of the realty and that tenant could remove it. It was removable as a trade fixture. See Marty v. Champlin Refining Co., 240 Iowa 325, 36 N.W.2d 360 (1949). It was not converted to real estate by landlord's objection to its installation.

IV. Landlord's claim for double rental for the period from November 11, 1970 to December 18, 1970, rests upon Code § 562.2 which provides in part:

"A tenant giving notice of his intention to quit leased premises at a time named, and holding over after such time, * * * shall pay double the rental value thereof during the time he holds over to the person entitled thereto."

The statute also provides double rental for willfully holding over after notice to quit. Trial court evidently believed willfulness to be essential in this case and found the statute inapplicable because of absence of that element. However, the quoted portion of the statute is relied on by landlord, and it does not require willfulness.

The real issue is whether the statute is applicable. "Such statutes * * * are penal in nature, to be strictly construed, and not to be extended beyond their terms and the evil intended to be remedied thereby." 49 Am.Jur.2d Landlord and Tenant § 1130 at 1081. The statute's operation is not to be extended to doubtful cases. Strimple v. Parker Pen Co., 177 Wis. 111, 117, 187 N.W. 1001, 1003 (1922). We believe this is a doubtful case and thus beyond its reach.

Here the *ex parte* injunction obtained by landlord cut short tenant's full use and enjoyment of the premises under the lease by six days. Its intervention prevented timely exercise by tenant of some rights later established in his favor. The holding over was induced by landlord's conduct and, even though landlord's position was later vindicated in part, tenant also had justiciable rights which he was seeking to protect. In the absence of the injunction it appears he would have peacefully surrendered possession of the premises at expiration of the lease in accordance with his earlier intention. It would not be appropriate to permit landlord to interrupt the lease and nevertheless reap double rental for the holdover period in these circumstances. For purposes of § 562.2, The Code, we hold that the intervention of the injunction nullified the otherwise operative effect of tenant's prior notice of intention to quit the premises at expiration of the lease.

We previously found landlord was entitled to rent for the holdover period. During that period a tenancy at sufferance existed. Welk v. Bidwell, 136 Conn. 603, 608–609, 73 A.2d 295, 298 (1950). Landlord is entitled to the reasonable rental value of the premises for its duration, and the previously agreed rental rate is the best evidence of that value. 49 Am.Jur.2d Landlord and Tenant § 1125. Accordingly we affirm trial court's judgment for landlord of $3293.08 but modify the decree to provide for interest on it at five percent per annum from and after December 18, 1970. Costs are taxed one-half to plaintiffs and one-half to defendant.

Modified and affirmed on both appeals.