ACTIESSELSKABET INGRID et al. v. CENTRAL R. CO. OF NEW JERSEY et al. (Circuit Court of Appeals, Second Circuit. October 8, 1914.) No. 168. On petition for rehearing. Denied. For former opinion, see 216 Fed. 72, 132 C. C. A. 316. Before COXE and ROGERS, Circuit Judges, and MAYER, District Judge.

PER CURIAM. The petition for rehearing of this case must be denied. It is based upon the assumption that the court failed to consider whether or not the railroad company had complied with the regulations of the Interstate Commerce Commission respecting the transportation of explosives. It is true

that the matter referred to was not commented upon in the opinion rendered. That is true also of some other matters suggested in argument. But we did not consider it necessary to discuss them because we did not regard them as seriously involved in the case or affecting the conclusion which we had reached. It is conceded that in certain particulars the railroad company failed to observe all the regulations which the Interstate Commerce Commission had laid down. This court does not question the correctness of the doctrine that, when a ship is in actual violation of a statutory rule intended to prevent collisions, the burden rests upon the ship of showing, not merely that her fault might not have been one of the causes or that it probably was not, but that it could not have been. This court has followed that rule and applied it in collision cases. We are aware, too, that state courts have applied the same principle in cases where vehicles violate statutory rules or municipal ordinances regarding the use of highways, and an injury occurs contemporaneously with the violation. In a proper case it may be that this court might apply the same principle to a railroad violating the regulations prescribed by the Interstate Commerce Commission in a case where an explosion occurred while an explosive was in the possession of the carrier at the time the violation of the regulations took place. That principle, however, is not involved in the case at bar. Before that principle could be applied to this case it would be necessary to show that the particular explosion which destroyed the Ingrid was the explosion of dynamite which at the time of the explosion was in the possession of the railroad company. That fact was not made satisfactorily to appear. As we stated in our opinion it was impossible to say whether the dynamite which exploded first and destroyed the Ingrid was the dynamite which had been removed from the car to the Katherine W. and therefore had ceased to be in the possession of the railroad company, or whether it was the dynamite which had not been removed. The burden of showing that the dynamite which exploded and caused the destruction of the Ingrid was in the possession of the railroad company rested upon the plaintiff. If the burden had been met, and it had been made out that the dynamite was that which was in the possession of the railroad company, then and not before would it have been the duty of the latter to have removed the presumption of negligence which arose from its failure to conform to the regulations prescribed. As the members of the court are not divided in opinion, we are without authority to certify the case to the Supreme Court.