**TEACHERS INSURANCE AND ANNU-
ITY ASSOCIATION OF AMERICA,**
a corporation, Plaintiff,

v.

**NORTHRIDGE CORPORATION,** a cor-
poration, et al., Defendants.

Civ. A. No. 72–C–109.

United States District Court,
E. D. Wisconsin.

June 2, 1972.

**2**

Victor M. Harding, Milwaukee, Wis., for plaintiff.

Marvin E. Klitsner, Lyman A. Precourt, and Thomas R. Hurst, Milwaukee, Wis., for defendants.

### MEMORANDUM DECISION AND ORDER ON MOTIONS TO STRIKE, TO DISMISS, AND TO LIFT LIS PENDENS

REYNOLDS, Chief Judge.

This is a suit for breach of a loan agreement. Jurisdiction of this court is grounded on diversity.

In 1970, in conjunction with a shopping center development, the parties negotiated and entered into a loan agreement which provided that the plaintiff would lend the defendant Northridge Corporation, a corporation owned and controlled by the remaining defendants, seventeen and a half million dollars over a period of thirty-four years at 10 per cent fixed interest plus contingent interest based upon annual rental receipts. As security for the loan certain real and personal property involved in the shop-ping center complex was to be mortgaged to plaintiff. In 1971, prior to any money or mortgage being transferred (aside from earnest money), the defendants repudiated their agreement. It is further alleged that Northridge Corporation has divested itself of its assets, including the land which was to be mortgaged to plaintiff.

Plaintiff now sues in this court for, alternatively, specific performance of the lending agreement or money damages. In conjunction with the request for specific performance, a lis pendens on the land which was to be mortgaged has been filed. Defendant Northridge Corporation moves to strike those portions of the complaint which suggest specific performance as a possible remedy, the remaining defendants move to dismiss the complaint as to them, and all the defendants move to lift the lis pendens.

Turning first to the motion to strike certain portions of the complaint, I find that in light of the admonition that—

"Motions to strike * * * are not favored. * * * [And matter] will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. * * *" 2A Moore's Federal Practice ¶ 12.21 at 2429–31.

this motion must be denied. Defendant Northridge Corporation argues that specific performance can never be a proper remedy for breach of a loan agreement and, therefore, all reference in the complaint to such a remedy must be stricken. However, while as a general rule specific performance of a lending agreement will not be granted, there are exceptions. See generally 81 C.J.S. Specific Performance § 80; 49 Am.Jur. Specific Performance § 86; Annotation 41 A.L.R. 357. Simiarly, defendant's argu-

ments that specific performance cannot be granted because of inconvenience, want of mutuality, and exclusion on the face of the contract rest upon general rules subject to exceptions rather than upon absolute prohibitions. See generally 81 C.J.S. Specific Performance §§ 10–13 and 17; 49 Am.Jur. Specific Performance §§ 34–39, 43, and 72. As the exceptions are established on a case-by-case basis and depend upon a full investigation of the equities surrounding a controversy, defendant's motion, which rests on simply an initial perusal of the pleadings, is premature.

 Turning next to the motion to dismiss for failure to state a cause of action against the defendants other than Northridge Corporation, I find that this too must be denied in that I cannot find that "it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." (Emphasis deleted.) 2A Moore's Federal Practice ¶ 12.08 at 2274. While it is true, as defendants point out, that the complaint alleges only Northridge Corporation as a signatory to the contract at issue, a motion to dismiss must look to the entire complaint, not just a portion of it. The instant complaint, as plaintiff points out, alleges, in addition to the contract that Northridge Corporation was "owned or controlled" by the remaining defendants, that these individual defendants negotiated and repudiated the contract, and that Northridge Corporation while "owned or controlled" by the individual defendants divested itself of the assets necessary to fulfill its contract or breach of contract obligations. Facts sufficient to pierce the "corporate shell" may conceivably be proved in support of these allegations.

Defendants' motions to lift the lis pendens are grounded on the respective motions to strike and dismiss. As these motions have been unsuccessful, the motion to lift the lis pendens must also be denied.

It is therefore ordered that defendant Northridge Corporation's motion to strike and the motion to order discharge of the lis pendens be and they hereby are denied.

It is further ordered that the motions of all defendants, other than Northridge Corporation, to dismiss or in the alternative for declaratory judgment and to discharge the lis pendens be and they hereby are denied.