**TOWN OF EAST TROY et al., Plaintiffs,**

v.

**SOO LINE RAILROAD COMPANY et al., Defendants.**

**No. 75–C–122.**

United States District Court, E. D. Wisconsin.

Jan. 20, 1976.

Korf, Pfeil & Graves by John L. Maier, Jr., Elkhorn, Wis., for plaintiffs.

Whyte & Hirschboeck, S. C. by Reginald W. Nelson, Milwaukee, Wis., for Soo Line R. Co.

Campbell, Brenna, Steil & Ryan by James E. Brennan, Janesville, Wis., for Georgia-Pacific.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The Town of East Troy (Town), Joint School District No. 1 (District), and thirty-two individuals and married couples (individual plaintiffs) filed a 204-count complaint in the circuit court of Walworth County against the Soo Line Railroad Company (Railroad) and Georgia-Pacific Corporation (Manufacturer). The plaintiffs claim damages resulting from the derailment of part of one of the Railroad's trains and the consequent contamination of the plaintiffs' water wells and septic systems from the Manufacturer's carbolic acid which was being transported on the train. The action was removed to this court by the defendants. Each plaintiff has alleged six counts of the complaint, four against the Railroad and two against the Manufacturer; aside from variations in the allegations identifying the plaintiffs and detailing the amount of their damages, the six counts alleged by each plaintiff are virtually identical to those alleged by the other plaintiffs. Accordingly, when reference is made in this opinion to any of the first six counts alleged on behalf of the Town, the reference applies to the corresponding counts alleged on behalf of each of the other plaintiffs.

The Railroad has moved pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss counts II and III of the complaint for failure to state a claim upon which relief can be granted; and alternatively, pursuant to Rule 12(f), Federal Rules of Civil Procedure, to strike counts II and III as redundant;

the Railroad has also moved to strike paragraph 2 of the first count alleged on behalf of each of the individual plaintiffs on the ground that it is immaterial and redundant. The Manufacturer has moved pursuant to Rule 12(b)(6) to dismiss the complaint for failure to state a claim against it upon which relief can be granted.

## COUNT I

Count I of the complaint alleges that the Railroad was negligent both before and after the derailment. Allegations are made on the theory of res ipsa loquitur, and it is averred that the count is based on the provisions of Chapter 280, Wis.Stats., relating to public or private nuisance.

The Railroad has moved to strike as immaterial and redundant paragraph 2 of the corresponding count alleged on behalf of each of the individual plaintiffs, which paragraph states the names and ages of the plaintiffs' children residing with them. The plaintiffs contend that this information is relevant to the issue of damages, "as it relates to how much water would be needed by plaintiffs to fully use and enjoy their property." Motions to strike are disfavored, and matter "will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Teachers Insurance and Annuity Association v. Northridge Corporation*, 55 F.R.D. 1, 2 (E.D.Wis.1972). I am not persuaded that the information which the Railroad seeks to strike can have no possible bearing upon the issues in this action, and the Railroad's motion will therefore be denied.

## COUNT II

Count II alleges in paragraph 16 that "the contamination . . . constitutes a condition which is so hazardous to life and health as to constitute a [public or private] nuisance per se." Paragraph 17 alleges that the count is based on the provisions of Chapter 280, Wis. Stats., relating to public or private nui-

sance. There are no allegations of negligence, of intentional and unreasonable actions, or of reckless or ultrahazardous conduct or activity on the part of the Railroad. Indeed, the only allegations relating to the Railroad allege that it engaged to transport the carbolic acid and that its train derailed, spilling the acid upon the ground.

The Wisconsin supreme court has adopted the following rule, from the Restatement of Torts, for cases involving nuisances, of which nuisances per se are but one variety:

"The actor is liable in an action for damages for a non-trespassory invasion of another's interest in the private use and enjoyment of land if, (a) the other has property rights and privileges in respect to the use or enjoyment interfered with; and (b) the invasion is substantial; and (c) the actor's conduct is a legal cause of the invasion; and (d) the *invasion is either (i) intentional and unreasonable; or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultrahazardous conduct.*" (emphasis added). *Wisconsin Power & Light Co. v. Columbia County,* 3 Wis.2d 1, 11, 87 N.W.2d 279, 284 (1958).

The rule is stated more concisely in *Plesko v. Milwaukee,* 19 Wis.2d 210, at page 15, 120 N.W.2d 130, at page 132 (1963), as: "Nuisance may be based on either intentional or negligent conduct unless defendant is engaged in an ultrahazardous activity . . . ."

Since count II contains no allegations of negligence, tortious intentional conduct, or ultrahazardous activity on the part of the Railroad, the motion to dismiss that count will be granted.

## COUNT III

The allegations of Count III include all the allegations of count I plus three additional paragraphs. Paragraphs 19 through 21 allege that the claimed negligence of the Railroad violated sections 195.26 and 195.27, Wis.Stats., that those statutes are safety statutes enacted to protect the plaintiffs' lives and property, that the Railroad's violation of the statutes was the proximate cause of the plaintiffs' injuries, and that the violation of the statutes constitutes negligence per se. The prayer for relief under count III seeks treble damages pursuant to section 195.35, Wis.Stats.

Section 195.26 requires every railroad to "adopt reasonably adequate safety measures and install, operate and maintain reasonably adequate safety devices for the protection of life and property." Section 195.27 requires every railroad to "construct and maintain its tracks, bridges and line structures in a reasonably adequate and safe manner." The statutes also delegate to the public service commission the responsibility of ordering a railroad to install, operate and maintain safety devices and to reconstruct or repair track or structures where necessary to meet the standards quoted above.

Showing that a defendant's actions or omissions constitute a violation of safety statutes is one way of showing that they constitute negligence. *Chrome Plating Co. v. Wisconsin Electric Power Co.,* 241 Wis. 554, 6 N.W.2d 692 (1942). The Wisconsin supreme court recently dealt with the relationship between a claim for damages based on negligence and a claim for treble damages for violation of a safety statute, stating, "there is no reason to hold that a treble damage claim is a separate cause of action." Since count I alleges a claim for relief based upon negligence, the motion to strike count III as redundant will be granted.

## COUNT IV

Count IV is similar to count I in that it alleges that the Railroad was negligent at the time of and immediately prior to the derailment, but count IV does not allege negligence subsequent to the derailment. Allegations are made on the theory of res ipsa loquitur, and it is alleged that the count is based on the provisions of Chapter 280, Wis.Stats., relating to public or private nuisance. Para-

graph 18 alleges that "the transportation of carbolic acid by train over tracks which Railroad knew or should have known were unsafe is an ultrahazardous activity and for which it is, therefore, strictly liable to plaintiff for the injuries and damages thereby inflicted."

The defendant Railroad has moved to strike this count as redundant, arguing first that as a common carrier, it is not subject to strict liability, and second, that without the allegation of strict liability, the count is redundant since all its other allegations are contained in count I. I believe the motion to strike should be granted.

■ Strict liability and negligence are distinct causes of action in Wisconsin. See the concurring opinion of a majority of the Wisconsin supreme court in *Greiten v. LaDow,* 70 Wis.2d 589, 235 N.W.2d 677 (1975). However, a common carrier is not subject to strict liability for the transportation of goods which it is required by law to undertake. Restatement of Torts, §§ 519 and 521; Prosser on Torts, Handbook Series, 4th Ed. (1971), pp. 524–25; *Actiesselskabet Ingrid v. Central R. Co. of New Jersey,* 216 F. 72 (2d Cir. 1912), rehearing denied 216 F. 991 (2d Cir. 1914), cert. denied, 238 U.S. 615, 35 S.Ct. 284, 59 L.Ed. 1490 (1915). *Kurz v. Chicago, Milwaukee, St. Paul & Pacific Railroad Company,* 53 Wis.2d 12, 192 N.W.2d 97 (1971), upon which the plaintiffs rely, is irrelevant, holding only that a railroad's duty of ordinary care may require the installation of more safety devices than statutorily mandated at crossings which are "ultrahazardous or unusually dangerous," to avoid liability for negligence.

Therefore, the allegations of count IV fail to state an effective claim of strict liability against the Railroad, and the negligence claim which remains is redundant as to count I. Accordingly, the motion to strike count IV will be granted.

## COUNT V

Count V alleges the facts surrounding the derailment and consequent contamination of the aquifer, alleges that there was a nine day delay before any attempts were made to remove the carbolic acid-contaminated soil from the derailment site, that the delay contributed to the contamination of the ground water supply, that no warning was given by the Manufacturer to the Railroad of the physical characteristics and dangerous nature of carbolic acid or of the precautions to be taken in the event of spillage, and that the failure to warn caused the delay, and alleges that such a failure to warn constitutes a dangerous condition in which to put a dangerous substance into commerce for which the Manufacturer is strictly liable. Paragraph 19 of count I is adopted by reference:

"That as a direct and proximate result of said defendant's wrongful conduct, as alleged above, water pollution and septic system contamination now exist, which conditions constitute a public nuisance . . . ."

The defendant Manufacturer, in support of its motion to dismiss for failure to state a claim upon which relief can be granted, argues that "said defendant's wrongful conduct" must be read as referring to conduct of the defendant Railroad and that as a result count V alleges injury to the plaintiff as a result of the Railroad's wrongful conduct, not a result of any actions or omissions for which the Manufacturer is strictly liable.

■ I find the Manufacturer's contention unpersuasive. The use of adoption by reference is approved by Rule 10(c), Federal Rules of Civil Procedure, and adoption by reference is especially appropriate in an action such as this, where even with substantial use of the technique, a 246-page complaint resulted. There is no confusion or ambiguity as to the exact contents of count V, only a question of interpreting the words pleaded.

■ The defendant Manufacturer's interpretation requires one to read count V in such a way that the adopted paragraph fails to make sense, but this interpretation cannot fairly be maintained after service of the plaintiff's brief in

opposition to the Manufacturer's motion. This brief notifies the Manufacturer that paragraph 19 is to be read literally, taking its meaning from the context in which it appears. When stated in count I, "said defendant's wrongful conduct" is intended to refer to the wrongful conduct of the defendant Railroad alleged in count I; when stated in count V, it is intended to refer to the wrongful conduct of the defendant Manufacturer alleged in that count. There is no ambiguity or confusion as to the statements meant to be adopted, and the defendant Manufacturer has been informed of their intended meaning. The foregoing discussion is also applicable to the adoption by reference in count V of paragraph 21 of count I.

Since it is alleged in count V that the injuries of the plaintiffs were the result of omissions on the part of the defendant Manufacturer for which it is strictly liable, I conclude that the defendant's motion to dismiss count V should be denied.

### COUNT VI

 Count VI alleges negligence on the part of the defendant Manufacturer subsequent to the derailment in failing timely and properly to investigate and to take corrective action. Paragraphs 19 and 21 of count I, alleging injury as a proximate result of such wrongful conduct, are adopted by reference.

The defendant's motion to dismiss the count for failure to state a claim is grounded on two contentions. The first is identical to that raised by the Manufacturer as grounds for dismissing count V, and is unpersuasive for the reasons set forth in the discussion above relating to that count. The second contention is that the allegation in count VI of negligence on the part of the defendant Manufacturer subsequent to the derailment is inconsistent with an allegation in count I, but not in count VI, that the defendant Railroad had "sole and exclusive possession of the train, track and

roadbed," the theory being that such exclusive possession by the Railroad negatives any duty on the part of the Manufacturer to investigate or take corrective action. Without deciding whether *proof* of exclusive control and possession by the Railroad would preclude recovery against the defendant Manufacturer based upon negligence, I believe the motion to dismiss count VI should be denied. Inconsistency between, or even within, counts is allowed by Rule 8(e)(2), Federal Rules of Civil Procedure:

> "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. . . . A party may also state as many separate claims or defenses as he has *regardless of consistency* . . . ."

### CONCLUSION

Therefore, IT IS ORDERED that the motion of the defendant Railroad to strike paragraph 2 of the first count of the complaint alleged on behalf of each of the individual plaintiffs be and hereby is denied.

IT IS ALSO ORDERED that the motion of the defendant Railroad to dismiss count II and the second count of the complaint alleged on behalf of each of the other plaintiffs be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the defendant Railroad to strike count III and the third count of the complaint alleged on behalf of each of the other plaintiffs be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the defendant Railroad to strike count IV and the fourth count of the complaint alleged on behalf of each of the other plaintiffs be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the defendant Manufacturer to dismiss the action against it be and hereby is denied.