PONDER, Judge.
This matter is before us on a motion by defendants to dismiss plaintiffs’ appeal on the basis that the judgment is interlocutory and non-appealable. Plaintiffs opposed the motion to dismiss, contending that the judgment of the lower court was final, or alternatively, an interlocutory judgment causing irreparable injury.
Plaintiff filed suit on September 23,1976, against defendants Gautreau, Oubre and Alexander, in their capacity as officers of the Ascension Parish School System and Donaldsonville High School. In the petition plaintiffs asked for damages for wrongful expulsion from school and for injuries allegedly caused by defendants and by police *1178 officers called by defendants. On November 3,1976, defendants filed a rule to strike certain allegations of the petition as being immaterial and impertinent. On December 13, 1976, the trial judge ordered that certain paragraphs of plaintiffs’ petition be stricken.
A judgment sustaining a motion to strike is clearly interlocutory. Matte v. Continental Casualty Company, 185 So.2d 842 (La.App. 3rd Cir. 1966). An appeal from such a judgment does not lie unless it is of such a nature as to cause irreparable injury. LSA-C.C.P. Article 2083.
We believe this judgment may clearly cause irreparable injury and is therefore appealable. If the allegations of the petition are stricken, then plaintiffs can not introduce any evidence as to the injuries suffered at the hands of the police officers after leaving the school grounds. If this court were to decide on appeal, after a final judgment in the trial court, that the motion to strike was improvidently granted, the case would have to be remanded to the district court to allow the taking of evidence on this question.
We believe if the interlocutory judgment of the lower court is improper, it will cause irreparable injury to the plaintiffs. The motion to dismiss appeal is therefore denied at defendants’ cost.
MOTION DISMISSED.