348 So.2d 720 (1977)
Emily SMITH et al.
v.
M. B. GAUTREAU et al.
No. 11476.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
James A. Gray and William J. Jefferson, Baton Rouge, for plaintiffs and appellants.
Vincent J. Sotile, Victor Marcello, Donaldsonville, for defendants and appellees.
Before LANDRY, EDWARDS and COLE, JJ.
COLE, Judge.
This is an appeal from an order of the trial court granting the defendants' motion *721 to strike certain paragraphs from the plaintiffs' petition. This Court denied the defendants' motion to dismiss the appeal of the interlocutory order. It was held that the order may cause irreparable injury, citing Louisiana Code of Civil Procedure Article 2083 in support thereof. Smith v. Gautreau, 342 So.2d 1177 (La.App. 1st Cir. 1977). That decision of this Court is final and thus, as between the litigants, is the law of the case. We, accordingly, accept the result. However, in retrospect, we question whether the concern expressed therein in regard to a remand should serve as the basis for finding that the order to strike may have caused irreparable injury and was, therefore, appealable. See Brown v. Brown, 185 So.2d 286 (La.App. 1st Cir. 1966); Stevens v. Patterson Menhaden Corporation, 191 So.2d 692 (La.App. 1st Cir. 1966), and Mauterer v. Tillery, 328 So.2d 755 (La.App. 1st Cir. 1976).
The plaintiff-appellant, Emily Smith, brought suit both individually and on behalf of her minor daughter, Brenda Onezine, against M. B. Gautreau, Superintendent of the Ascension Parish school system, and against John Oubre and Gerald Alexander, Principal and Assistant Principal of Donaldsonville High School, respectively. Damages were demanded for injuries resulting from various alleged acts of tortious conduct including assault and battery, false arrest, and the wrongful expulsion of the minor plaintiff from school without good cause or due process.
Under Louisiana Code of Civil Procedure Article 964, the defendants filed a motion to strike the following paragraphs from the plaintiffs' petition on the grounds that they represented an insufficient demand and were immaterial and impertinent:
"XVI.
"Despite these facts, petitioner and her sister were bodily taken from the school, under the direction of the defendants, Alexander and Oubre, by the two (2) police officers aforementioned. Petitioner, Brenda Onezine's arm was twisted behind her back by one of the police officers and she was thrown against and into a police vehicle. When this occurred, petitioner's sister, Glenda, attempted to break free of the policeman who was holding her in an effort to assist her sister and to remove her from what was a situation of apparent danger. For her efforts in this regard, Glenda was slapped around and roughly treated by the policeman who was attempting to control her.
"XVII.
"Petitioner, Brenda Onezine, who has suffered with a nervous condition, became extremely frightened and because of rough treatment and abuse they were receiving by defendants and police officers, attempted to jump out of the police vehicle on the side opposite the side she had been pushed into.
"XVIII.
"As petitioner jumped out of the police vehicle, however, the police officer driving the car pulled off and ran over defendant's [sic] left foot, causing severe pain and suffering to petitioner.
* * * * * *
"XX.
"Petitioner and her sister were taken to police headquarters and detained there for several hours where intensive interrogations were undertaken and were required to remain for the interrogation and was not free to leave without the consent of the police interrogators."
Louisiana Code of Civil Procedure Article 964 provides:
"The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent or scandalous matter. The motion of a party shall be filed within ten days after service of the pleading upon mover, except that a defendant may move to strike any matter from the petition at any time within fifteen days of the service."
Since a motion to strike under Code of Civil Procedure Article 964 is interlocutory and not properly appealable except upon a showing of irreparable injury, very few *722 Louisiana appellate cases deal with a motion to strike. Because the source of Code of Civil Procedure Article 964 is Federal Rule of Civil Procedure 12(f), we look to federal jurisprudence as persuasive authority for an analysis of Article 964. Looking to federal jurisprudence pertaining to Rule 12(f), it is clear that because motions to strike, based on the assertion that allegations are immaterial or impertinent, are often used as a dilatory tactic, they are disfavored and will be denied, unless it is clearly shown that the allegations at issue have no possible bearing on the subject matter of the litigation and are prejudicial to the movant. See e. g., FRA S. p. A. v. SURG-O-FLEX OF AMERICA, INC., 415 F.Supp. 418 (S.D.N.Y.1975); Town of East Troy v. Soo Line Railroad Company, 409 F.Supp. 326 (E.D.Wis.1976); Hare v. Family Publications Service, Inc., 342 F.Supp. 678 (D.Md.1972); Climatrol Industries, Inc. v. Home Indemnity Company, 316 F.Supp. 314 (N.D.Ga.1970); Gleason v. Chain Service Restaurant, 300 F.Supp. 1241 (S.D.N.Y.1969).
Except for the first sentence of paragraph XVI which states, "Despite these facts, petitioner and her sister were bodily taken from the school, under the direction of the defendants, Alexander and Oubre, by the two (2) police officers aforementioned," the facts alleged in the stricken paragraphs deal with the conduct of police officers while the minor plaintiff was exclusively in their custody. The petition alleges no basis of liability on the part of the defendants who are school administrators for any wrongful conduct by the police officers. The petition does not allege that the defendants had control over or conspired with the police officers in committing the alleged wrongful acts, nor does the petition establish any duty on the part of the defendants to protect the minor plaintiff from the harm encountered while she was exclusively in the custody of police. Therefore, the allegations of paragraphs XVI (exclusive of the first sentence), XVII, XVIII and XX are immaterial to the plaintiffs' cause of action against the defendants. To the extent that the plaintiffs attempt to plead a cause of action for false arrest in the paragraphs in question, paragraph XIX is sufficient for that purpose.
Also, the paragraphs in question are obviously prejudicial to the defendants to the extent that they allow the admission of evidence of the alleged rough treatment and injuries at the hands of the police, who are not parties to this action, and for which the defendants would not be liable.
Therefore, for the foregoing reasons, the order striking paragraphs XVI, XVII, XVIII and XX from the plaintiffs' petition is affirmed, except to the extent that it is amended to reinstate the first sentence of paragraph XVI. The costs of these proceedings are assessed to the appellants.
AMENDED AND AS AMENDED AFFIRMED.