CHROME PLATING COMPANY, Appellant, vs. WISCONSIN ELECTRIC POWER COMPANY, Respondent.*

*November 10—December 8, 1942.*

* Motion for rehearing denied, with $25 costs, on February 9, 1943.

For the appellant there was a brief by *Bloodgood & Passmore* and *William E. Burke,* all of Milwaukee, and oral argument by *Mr. Burke.*

For the respondent there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *Van B. Wake* of counsel, all of Milwaukee, and oral argument by *Mr. Wake.*

FRITZ, J. The sole basis of the cause of action alleged by plaintiff in its complaint is that defendant, a public utility furnishing electric power to the general public,—

"recklessly, wilfully and without authorization from plaintiff and without any notice of any kind, nature or description to the plaintiff cut off the power line supplying electric current to plaintiff; . . . that by reason of the reckless and wilful conduct of the defendant . . . plaintiff has been damaged in the

said sum of $4,808.24; that the proximate cause of the injury to the drier and the damage to plaintiff was the wilful and reckless negligence of the defendant; . . . that the cutting off of said electric current amounted to a refusal on the part of the defendant to continuously furnish reasonably adequate service and facilities as required by section 196.03, Wis. Stats., and plaintiff is entitled to judgment against the defendant for treble damages, as provided for in section 196.64, Wis. Stats. Wherefore, plaintiff demands judgment . . . in treble the amount of its actual damages. . . ."

Throughout the trial plaintiff persisted in endeavoring to recover upon the sole cause of action thus alleged in its complaint; and as plaintiff chose to rely upon solely that cause of action, the court submitted to the jury for a special verdict, with plaintiff's approval, but four questions which with the jury's answers are as follows:

1. "Was the electric current supplying energy to the motor used to revolve the drier interrupted by the removal of the electric meter on April 3, 1940? Answer: Yes."

2. "If you answer the first question 'Yes,' then answer this question: Did James Koehn, defendant's employee, in removing the meter, cut off the power line supplying energy to such motor with such a degree of rashness, recklessness or wilfulness as to evince a total disregard of the safety of property in the possession of the plaintiff and a willingness to inflict injury? Answer: No."

3. "If you answer the second question 'Yes,' then answer this question: Was such manner of removing the meter and interrupting the power an efficient cause of damage to the drier? Answer: ———."

4. "If the court should be of the opinion that the plaintiff is entitled to recover judgment, at what sum do you assess plaintiff's damage? Answer: $2,000."

Upon the return of the verdict plaintiff chose to rely upon solely the cause of action on which it claimed the right to recover treble damages by reason of alleged reckless and wilful conduct of defendant; and, accordingly, plaintiff's motions after verdict were (1) for judgment upon the verdict for its

recovery of $6,000 as treble the amount of damages assessed by the jury; or (2) if that motion was denied, then for an order changing the jury's answer to the second question from "No" to "Yes," and inserting "Yes" in answer to the third question as to proximate cause, and thereupon ordering judgment for plaintiff's recovery of $6,000 as treble damages; or if that was denied then for an order granting a new trial because of errors in instructions to the jury and rulings in relation to the admission of testimony. Upon the court denying those motions and granting defendant's motion for judgment on the verdict, and entering judgment dismissing the action, the plaintiff appealed.

Plaintiff's principal contention is that although it based its cause of action to recover treble damages upon its allegations that defendant recklessly and wilfully cut off the power line, plaintiff is entitled to recover treble damages under sec. 196.64, Stats., in the absence of any proof or finding that defendant wilfully or recklessly violated or disregarded its duty to furnish reasonably adequate service, as required by sec. 196.03, Stats. Plaintiff claims that because there are no terms in sec. 196.64, Stats., which expressly require that the conduct of a utility which resulted in its failure to furnish the service prescribed by sec. 196.03, Stats., must have been reckless or wilful in order to entitle a plaintiff to recover treble damages under sec. 196.64, Stats., the plaintiff is entitled to recover such damages from the defendant even though its conduct in cutting off the power line was neither reckless nor wilful. In the case at bar the interruption in supplying electric energy continued for about ten minutes upon defendant's employee cutting off the power line while removing a defective meter and substituting another in place thereof. The meter was in a portion of a building adjacent to another part thereof in which plaintiff was using electric current, in the course of its business of chromium plating, to operate a motor in order to rotate a drier, which was being replated in a fluid solution containing chromic-acid particles.

Upon cutting off the power the drier ceased rotating and while it was stationary in the fluid, chromic-acid particles attached themselves to the drier so as to create a ridge on the body of the drier and cause serious damage thereto. Under the evidence in relation to the existing conditions and the manner in which the defective meter was being replaced, the jury was warranted in finding that the acts of defendant's employee were not reckless or wilful.

Sec. 196.64, Stats., reads as follows:

"If any public utility shall do or cause to be done or permit to be done any matter, act or thing prohibited or declared to be unlawful by chapter 196 or 197, or shall omit to do any act, matter or thing required to be done by it, such public utility shall be liable to the person injured thereby in treble the amount of damages sustained in consequence of such violation."

Although it is not expressly provided therein that, in order to render a utility liable for treble damages thereunder the "matter, act or thing" in question must have been done or omitted wilfully or recklessly, the court, in construing the statute in *Krom v. Antigo Gas Co.* 154 Wis. 528, 140 N. W. 41, 143 N. W. 163, stated in the first instance, in an opinion written by Mr. Chief Justice WINSLOW,—

"Viewing the statute in the light of the decisions, we do not feel that we can do otherwise than construe it [then sec. 1797*m*—93; now sec. 196.64] as a statute covering only wilful breaches of duty, or, as expressed in the *Cohn Case* (40 Wis. 393), a breach in which there is 'some element of wilfulness, wantonness, or evil design.'" (p. 537.)

In reaching that conclusion the court said:

"The law nowhere contains the word 'wilful,' and it is strongly urged that if we construe it to cover only wilful acts, and acts which by reason of their wanton or reckless character are legally equivalent to wilful acts, we shall be construing

words which are so plain as to prohibit construction, and thus in effect encroach on legislative powers. This argument would possess much strength were it not for the fact that this court, in a series of decisions commencing many years ago, has construed similar statutes highly drastic and penal in their nature as not covering acts or omissions resulting from mere inadvertence or excusable neglect. Thus in *Cohn v. Neeves,* 40 Wis. 393, a statute providing for the recovery of treble damages against any person who should convert to his own use without consent of the owner any logs, timber, etc., floating in any of the waters of the state or lying on the banks, was held, in view of its highly penal character, as only intended to apply 'to a conversion where there was some element of wilfulness, wantonness, or evil design in the act.' It was also said in that case that the law 'by way of punishment subjects the wrongdoer in certain cases to an extraordinary liability for the property of another appropriated to his use. In some cases the conversion may be merely a technical one in law, arising from accident, mistake, or even carelessness, without any evil design, and where the damages recoverable at common law afford an adequate compensation to the party injured. We can hardly think such a case was within the contemplation of the legislature.' In that case reliance was placed on the case of *Wallace v. Finch,* 24 Mich. 255, where a similar statute had been similarly construed.

"Again in *Schumacher v. Falter,* 113 Wis. 563, 89 N. W. 485, and *Johnson v. Huber,* 117 Wis. 58, 93 N. W. 826, statutes providing penalties for refusal to discharge mortgages and judgments were respectively held to apply only to wilful refusals, although neither the word 'wilful' nor any equivalent word was used in the act itself. So also in the case of *State v. Railway Cos.* 128 Wis. 449, 108 N. W. 594, a section of the law which provided that any railroad company which should neglect to pay its license fee 'or any part thereof' should absolutely forfeit to the state the sum of $10,000, and also stand liable to forfeit all of its rights under the laws, was held not to cover an excusable or honest mistake in making returns either of law or fact or both, but only to an inexcusable failure.

"The statute before us is highly penal in its nature. We think the legislature could hardly fail to realize its almost

criminal character. The Public Utilities Law was not the product of a single brain, nor was it struck off at a moment's notice, but bears marks of careful thought, examination, and deliberation by many minds. It can hardly be supposed that its framers did not know of the principle acted upon by this court for nearly or quite thirty years in the construction of such highly penal laws, and it must be presumed, we think, that they enacted the present section with that established principle of construction in mind, and hence considered it unnecessary to further signify their purpose to provide thereby a punishment for acts and omissions in which there was some element of wilfulness, wantonness, or reckless disregard of duty. For such acts or omissions its provisions are eminently suitable; for errors of honest judgment or unintentional and excusable neglects they are not only not suitable but unnecessary in the many cases where there is a common-law liability to patrons for negligent failure to render adequate service, causing legal damage to the patron." (pp. 535, 536.)

Then, upon the conclusion thus stated and also its conclusions in other respects, the court held that there was no liability under sec. 196.64, Stats., on the part of the city of Antigo, operating as a public utility, for its failure to furnish adequate service. However, on a rehearing the court said, in again concluding that for other reasons plaintiffs could not recover from the city,—

"While this result renders unnecessary the discussion of any other questions, it is deemed proper also to say that the position taken in the former opinion to the effect that sec. 1797m—93 was intended to extend only to wilful, wanton, or reckless defaults seems entirely untenable. In many sections of the law, notably the sections immediately preceding and the section immediately following sec. 1797m—93, the legislature has provided for the punishment of large numbers of acts and defaults, and industriously differentiated between certain acts which are to be punished when committed wilfully or knowingly and certain others as to which no requirement that they shall be knowingly or wilfully committed appears. It is quite apparent, therefore, that the legislature had the distinction in mind when the law was framed, and the

idea that it intended only to cover wilful or knowing acts or defaults by the provisions of sec. 1797*m*—93 seems entirely untenable." (pp. 543, 544.)

Upon due consideration of the reasons stated in the court's initial opinion for its conclusion that sec. 1797*m*—93 was intended to extend only to wilful, wanton, or reckless defaults, and of the reasons stated in its subsequent opinion for its conclusion in that respect after the rehearing, it is our conclusion, with due deference to the court as then constituted, that the conclusion stated in the initial opinion was upon a sounder basis; and that inasmuch as the subsequent discussion as to sec. 1797*m*—93, Stats., in the second opinion was rendered unnecessary, as the court said, in view of a prior result stated therein, the conclusion in that opinion in respect to sec. 1797*m*—93 was in the nature of but *obiter dictum.* Since the *Krom Case, supra,* statutes which similarly were highly drastic and penal in their nature have been construed in a number of cases as not covering acts or omissions resulting from mere inadvertence or excusable neglect. In holding that the utility was not liable for treble damages under sec. 196.64, Stats., we said in *Christian v. New London,* 234 Wis. 123, 129, 290 N. W. 621,—

"As to the plaintiffs' claim that there is a treble liability because of the action of the city's agents, we are of the opinion that this case goes on the theory of common-law negligence; and that no violation of sec. 196.64, Stats., is shown to exist. This point is controlled by the law as announced in the case of *Krom v. Antigo Gas Co.* 154 Wis. 528, 140 N. W. 41, 143 N. W. 163, and *Highway Trailer Co. v. Janesville Electric Co.* 187 Wis. 161, 204 N. W. 773."

See also *Oconto County v. Union Mfg. Co.* 190 Wis. 44, 208 N. W. 989; *Haselmaier v. Milwaukee E. R. & L. Co.* 185 Wis. 210, 217, 201 N. W. 257; *Strimple v. Parker Pen Co.* 177 Wis. 111, 117, 187 N. W. 1001; *Feiges v. Racine Dry Goods Co.* 231 Wis. 270, 279–282, 285 N. W. 799.

Plaintiff now also contends for the first time that if it is not entitled to recover treble damages then it is entitled to recover $2,000 upon the jury's finding that the electric current was interrupted by the removal of the meter, and the jury's assessment of plaintiff's damage at $2,000. As plaintiff did not assert or rely upon any such claim in the trial court and as in an action to recover for the mere interruption in the furnishing of the current, without any reckless or wilful conduct on the part of the utility, it would be entitled to rely upon the defense of contributory negligence and have a determination upon the issue in that respect, there is applicable to plaintiff's new claim the rule that,—

"where the question raised for the first time on appeal involves factual elements not raised by the pleadings or not brought to the attention of the lower court, this court on appeal will not generally decide such questions." *Herro v. Heating & Plumbing F. Corp.* 206 Wis. 256, 264, 239 N. W. 413.

As the court said in *Murphy v. Martin,* 58 Wis. 276, 280, 16 N. W. 603,—

"The province of this court is to correct errors of the trial court, and not to form new issues and then hold upon such issues there had been a mistrial. . . . This court must deal with the issue actually tried and submitted, and not such as might have been but were not."

Consequently plaintiff must now stand upon the cause of action which it based on solely the alleged reckless and wilful conduct, and which was the only cause of action it sought to have tried and determined in the trial court. *Gordon v. Sullivan,* 116 Wis. 543, 93 N. W. 457; *Scholtz v. Kerschensteiner,* 194 Wis. 92, 100, 215 N. W. 889; *Fort Howard Paper Co. v. Paper Conv. M. Co.* 226 Wis. 143, 147, 276 N. W. 131. For the same reasons there can be no reversal of the judgment on plaintiff's contention asserted here for the first time that as it was in possession, as bailee, of the drier which was damaged,

it is entitled to recover for damage thereto caused by either wilful misconduct or ordinary negligence of the defendant's employee.

There does not appear to be in the record any prejudicial error in the court's ruling on the admission of evidence, the form of questions in the verdict as to proximate cause, or the court's instructions to the jury because of which plaintiff can be considered entitled, as it contends, to have the court grant its motion for a new trial. As plaintiff in seeking to recover treble damages alleged and relied upon a cause of action based solely on alleged reckless and wilful conduct of defendant, and on plaintiff's persistent insistence the cause was tried and submitted to the jury on solely that theory, it was incumbent upon plaintiff to establish that the conduct charged was reckless and wilful, and to establish that required a higher degree or quantity of proof than to establish merely ordinary negligence in a civil action. Consequently, there were applicable and proper the instructions that in order to answer the second question "Yes," the jury must be satisfied by a clear and convincing preponderance of the credible evidence to a reasonable certainty that the conduct in question was reckless or wilful. *Hafemann v. Seymer,* 191 Wis. 174, 180, 210 N. W. 373; *Bursack v. Davis,* 199 Wis. 115, 122, 225 N. W. 738.

*By the Court.*—Judgment affirmed.