57 Wis.2d 761 (1973)
204 N.W.2d 681
KANIA, by Guardian ad litem, and another, Appellants,
v.
CHICAGO & NORTH WESTERN RAILWAY COMPANY, Respondent.
No. 327.
Supreme Court of Wisconsin.
Submitted February 1, 1973.
Decided February 27, 1973.
For the appellants the cause was submitted on the briefs of Habush, Gillick, Habush, Davis & Murphy, attorneys, and Howard A. Davis of counsel, all of Milwaukee.
For the respondent the cause was submitted on the brief of Borgelt, Powell, Peterson Frauen, attorneys, and Joseph D. McDevitt of counsel, all of Milwaukee.
PER CURIAM.
Plaintiffs argue that the motion to strike was the equivalent of a demurrer because their claim for treble damages is a separate cause of action, relying on Chrome Plating Co. v. Wisconsin Electric Power Co. (1942), 241 Wis. 554, 6 N. W. 2d 692. In that case we held that the record would not sustain a recovery on grounds of ordinary negligence. The case was tried on the basis of liability for treble damages under sec. 196.64, Stats. We held this required proof of a wilful and wanton violation, and precluded comparison of negligence. In the Chrome Plating Co. Case, as well as the other cases cited in that opinion, violation of a safety statute providing for treble damages was equated with gross negligence. We have since abolished the doctrine of gross negligence in Wisconsin, and have determined that a comparison can be made between all degrees of negligence. Bielski v. Schulze (1962), 16 Wis. 2d 1, 114 N. W. 2d 105. Since gross negligence is no longer *762 separate cause of action, there is no reason to hold that a treble damage claim is a separate cause of action.
The issue determined by the trial court in this case could not have been reached on demurrer. The prayer for relief being no substantive part of the complaint, a prayer asking for more relief than the plaintiff's pleaded facts entitle him to have is not reached by demurrer. Whittier v. Atkinson (1941), 236 Wis. 432, 295 N. W. 781. An order striking a portion of a pleading is not appealable unless it has the legal effect of a demurrer. Gauger v. Ludwig (1972), 56 Wis. 2d 492, 202 N. W. 2d 233. Plaintiffs will have to wait to raise the issue of treble damages.
The appeal is dismissed.