Franklin C. PEISSIG, Katherine J. Peissig, Marathon County Department of Social Services, Clark County Department of Social Services and State of Wisconsin Department of Social Services, Plaintiffs-Respondents,

v.

WISCONSIN GAS COMPANY, a domestic corporation, Defendant-Appellant,†

WESTERN NATIONAL MUTUAL INSURANCE COMPANY, and Threshermens Mutual Insurance Company, Wisconsin Corporation, Defendants-Subrogees-Respondents.

Supreme Court

*No. 88–1611. Argued April 24, 1990.—Decided June 14, 1990.*

(Also reported in 456 N.W.2d 348.)

†Motion for reconsideration denied.

For the defendant-appellant there were briefs (in court of appeals) by *Thomas Terwilliger, Jeffrey J. Strande* and *Terwilliger, Wakeen, Piehler & Conway,* Wausau and oral argument by *James R. Clark* and *Foley & Lardner,* Milwaukee.

For the plaintiffs-respondents there was a brief (in court of appeals) by *Paul A. Nikolay* and *Nikolay, Jen-*

*sen, Scott, Gamoke & Grunewald, S.C.,* Abbotsford and oral argument by *Paul A. Nikolay.*

For the defendant-subrogee-respondents there was a brief (in court of appeals) by *Michael A. Schumacher* and *Herrick, Hart, Duchemin, Danielson & Guettinger, S.C.,* Eau Claire and oral argument by *Mr. Schumacher.*

Amicus curiae brief was filed (in the supreme court) by *John E. Feldbruegge, Terrence C. Thom, Dorothy H. Dey* and *Quale, Feldbruegge, Calvelli, Thom & Croke, S.C.,* Milwaukee, for Wisconsin Utilities Association.

WILLIAM A. BABLITCH, J. This case is before the court on certification to determine whether a finding of willful, wanton, or reckless behavior is necessary to award treble damages against public utilities in negligence actions pursuant to sec. 196.64, Stats. We affirm the decision of the circuit court that such a finding is not necessary under sec. 196.64. We reverse the decision of the circuit court, however, on the issue whether a joint offer of settlement from multiple plaintiffs entitles the plaintiffs to double costs and interest from the date of the settlement offer under sec. 807.01. All remaining issues raised on appeal are affirmed.

The plaintiffs, Franklin and Katherine Peissig, were injured in an explosion and fire that destroyed their mobile home and its contents. The Peissigs commenced an action against Wisconsin Gas Company (Wisconsin Gas), alleging that the fire and explosion was caused by the negligent construction and/or maintenance of the natural gas pipeline feeding into the mobile home, for which Wisconsin Gas was charged with responsibility. According to the Peissigs, Wisconsin Gas became aware of the dangerous location of the service pipe several months prior to the explosion, yet did nothing to correct the defect. A Wisconsin Gas utility serviceman testified

690

that he noticed the gas service pipe exited the ground beneath the mobile home. He also indicated that the better practice was to have service pipes exit the ground outside the perimeter of the mobile home, since a gas leak in a confined area is more dangerous than one in open air. Significantly, the Peissigs' mobile home had a skirting around its base which would prevent gas leaks from diffusing into the air. The serviceman further testified that he knew mobile homes were subject to movement from heaving and that he had seen frost heaving break gas pipes before. On the same day he discovered the problem, he indicated to the Peissigs that Wisconsin Gas would move the service pipes. However, for some reason this was never accomplished and the mobile home was thereafter destroyed by the explosion.

Prior to trial, Wisconsin Gas brought motions *in limine* arguing, among other things, that the plaintiffs and the defendant-subrogees were "united in interest," and should be treated as one party for purposes of trial procedures. Wisconsin Gas requested an order limiting the plaintiffs and the defendant-subrogees to three preemptory challenges, and further prohibiting them from engaging in multiple direct and/or cross-examination of any witnesses. The circuit court held these parties to three preemptory challenges, but allowed multiple direct and cross-examination of witnesses.

The jury found by special verdict that Wisconsin Gas was causally negligent with regard to the injuries sustained by the plaintiffs and awarded the plaintiffs a total of $91,602.53. Of that amount, Franklin Peissig was awarded $30,000 for his past pain and suffering, and $30,000 for past medical and nursing bills. Katherine Peissig was awarded $10,000 for her past pain and suffering. The subrogation property insurer received the remainder.

In motions after verdict, Wisconsin Gas moved the court to reduce Katherine Peissig's award to $500 and to reduce Franklin Peissig's award for past medical and nursing home bills to $11,176.74. The circuit court denied these motions.

The plaintiffs then moved the circuit court to treble the damages awarded by the jury pursuant to sec. 196.64, Stats. The circuit court granted the motion, resulting in a base judgment in the amount of $274,807.59. In addition, the circuit court granted the plaintiff's motion to award double costs and interest pursuant to sec. 807.01 on the ground that the amount of the judgment, as trebled, exceeded a settlement offer the plaintiffs had jointly submitted to the defendant prior to trial.

Wisconsin Gas opposed both the motion to treble damages as well as the various bills of costs submitted by the plaintiffs on the grounds that the plaintiffs were entitled to neither treble damages nor double costs and interest under the applicable statutes. The defendants also objected to the award of treble damages on the grounds that sec. 196.64, Stats, was unconstitutional. After arguments on the matter, the circuit court granted treble damages and double costs and interest. It is from these decisions that the present appeal was taken.

We turn first to the issue whether a finding of willful, wanton, or reckless behavior is necessary in order to award treble damages against public utilities in negligence actions brought under sec. 196.64, Stats. We agree with the circuit court that such a finding is not necessary under the statute.

Section 196.64, Stats, was originally enacted in 1907 as sec. 1797m–93 of the Public Utilities Law. The statute has undergone several minor revisions through the years, but has remained essentially unchanged. Section 196.64 reads as follows:

> If a public utility does, causes or permits to be done any matter, act or thing prohibited or declared to be unlawful under this chapter or ch. 197, or fails to do any act, matter or thing required to be done by it, the public utility shall be liable to the person injured thereby in treble the amount of damages sustained in consequence of the violation.

In construing sec. 196.64, Stats, this court held in *Krom v. Antigo Gas Co.*, 154 Wis. 528, 535, 140 N.W. 41, 143 N.W. 163 (1913), that although it was not expressly provided for, the statute allowing treble damages against a utility applied only to breaches in which there was " 'some element of wilfulness, wantonness, or evil design . . ..' " This interpretation was later withdrawn upon rehearing. *Id.*, 154 Wis. at 543. However, the original holding was reaffirmed in *Chrome Plating Co. v. Wisconsin Electric Power Co.*, 241 Wis. 554, 561, 6 N.W.2d 692 (1942). In that case, this court rejected the plaintiff's argument that it was unnecessary to establish that the defendant's conduct was willful, wanton, or reckless. We quoted extensively from the first *Krom* decision, and repudiated the decision upon rehearing as "in the nature of but *obiter dictum.*" *Chrome Plating*, 241 Wis. at 561. *See also Reuling v. Chicago, St. P., M. & O. R. Co.*, 257 Wis. 485, 44 N.W.2d 253 (1950).

More recently, however, in *Kania v. Chicago & North Western Railway Co.*, 57 Wis. 2d 761, 204 N.W.2d 681 (1973) (Per Curiam), we questioned the *Chrome Plating* decision. We stated at 761-62:

> In the *Chrome Plating Co. Case,* as well as the other cases cited in that opinion, violation of a safety statute providing for treble damages was equated with gross negligence. We have since abolished the doctrine of gross negligence in Wisconsin, and have determined that a comparison can be made between

all degrees of negligence. *Bielski v. Schulze* (1962), 16 Wis. 2d 1, 114 N.W.2d 105. Since gross negligence is no longer a separate cause of action, there is no reason to hold that a treble damage claim is a separate cause of action.

The circuit court in the present case concluded that *Kania* essentially overruled the *Chrome Plating* decision, and eliminated the requirement of willful, wanton, or reckless behavior as a precondition to treble damages under sec. 196.64, Stats. The circuit court reasoned that since gross negligence was abolished, and gross negligence was necessary to support a finding for treble damages under sec. 196.64, then what constituted gross negligence is no longer necessary to support an award of statutory treble damages.

On appeal, Wisconsin Gas disputes the circuit court's interpretation of *Kania,* and insists the decision did not eliminate the requirement of willful, wanton, or reckless conduct. According to Wisconsin Gas, treble damages are equivalent to punitive damages, both serving the same purposes of punishment and deterrence. They note that recent cases have held punitive damages in negligence cases are available only upon proof of malice or willful, wanton, or reckless disregard of a plaintiff's rights. Those cases illustrate that although gross negligence is no longer applicable in Wisconsin, the conduct that served as a basis for a finding of gross negligence must still be proved before punitive damages are awarded. Therefore, Wisconsin Gas says it follows that statutory treble damages are also available only upon a showing of willful, wanton, or reckless conduct.

We agree with the decision of the circuit court. In *Cieslewicz v. Mutual Service Cas. Co.,* 84 Wis. 2d 91, 101–02, 267 N.W.2d 595 (1978), we distinguished statutorily imposed multiple damages from common law

punitive damages, and pointed out that multiple damages are not the equivalent of punitive damages. In *Cieslewicz,* this court addressed whether an insurance policy indemnified an award of treble damages under sec. 174.04, Stats, which allowed recovery of treble damages for personal injury caused by dogs if the animal attacks a person and the owner has knowledge of a prior attack. The insurer argued that multiple damages, being penal in nature, were not sums which the insured was obligated to pay "because of bodily injury," as provided under the policy.

In holding that multiple damages were included in the coverage clause of the policy, we determined that the distinctions between common law punitive damages and statutory multiple damages require that the two forms of additional damages be treated separately. *Id.* at 103. We stated that "[t]he prerequisites for the imposition of statutory multiple damages are less stringent than those for the imposition of common law punitive damages." *Id.* at 99.

First, we emphasized that differing levels of culpability are required to warrant the award of additional damages. The award of "[p]unitive damages rest[s] on allegations which, if proved, demonstrate a particular kind of conduct on the part of the wrongdoer, which has variously been characterized in our cases as malicious conduct or willful or wanton conduct in reckless disregard of rights or interests." *Wangen v. Ford Motor Co.,* 97 Wis. 2d 260, 267, 294 N.W.2d 437, 442 (1980). Punitive damages may be awarded only where there is proof that the defendant's conduct was outrageous. *Id.* at 271. However, the award of statutory multiple damages does not involve a particular state of mind or outrageous character. *Cieslewicz,* 84 Wis. 2d at 101–02. We noted

that for purposes of awarding treble damages under sec. 174.04, Stats, all that is necessary is proof that the dog had previously injured someone under the statutorily defined circumstances and that the owner had notice of the previous injury. Whether the dog is known to be violent and vicious, so that the owner's conduct in not restraining the dog is extreme recklessness, makes no difference for the purposes of the statute. Treble damages are awarded regardless of the defendant's state of mind. *Id.* at 102.

Second, the award of statutory multiple damages and punitive damages depends on different modes of assessment of damages. The jury determines the amount of the punitive damages with the view to having the punitive damages accomplish their purpose of punishment and deterrence. *Wangen,* 97 Wis. 2d at 302. On the other hand, multiple damages are assessed whenever the statutory requirements are met. *Cieslewicz,* 84 Wis. 2d at 102.

Third, there are differing methods of calculation of punitive damages as opposed to statutory multiple damages. In calculating common law punitive damages, the wealth of the defendant must be considered, whereas wealth has nothing to do with the calculation of statutory multiple damages. *Id.* at 102.

Thus, *Cieslewicz* supports the argument that statutory treble damages under sec. 196.64, Stats, do not require a showing of willful, wanton, or reckless behavior. While statutory multiple damages may retain elements of punishment and deterrence, they are not equivalent to punitive damages. Accordingly, we conclude that the circuit court correctly determined that a

696

finding of willful, wanton, or reckless conduct is not necessary in order to award treble damages against public utilities in negligence actions under sec. 196.64.

Nevertheless, Wisconsin Gas insists that the circuit court erred in trebling damages under the facts of this case, because before an award may be made under sec. 196.64, Stats, a violation of chs. 196 or 197, or some other code provision must occur. Wisconsin Gas contends that no such violation was found in this case. We are unpersuaded.

Section 196.745, Stats, requires a gas company to operate and maintain in a reasonably adequate and safe manner any facility for the production, operation, or distribution of gas. It also authorizes the Public Service Commission (PSC) to issue orders or rules requiring the operation of a gas facility to be safe. *See also* sec. 227.11. Pursuant to statutory authority, the PSC enacted Wis. Admin. Code, sec. PSC 135.02, entitled "Gas Safety." Section PSC 135.02 provides as follows:

> All facilities shall be cleaned when necessary and inspected at such intervals as experience has shown to be necessary. *Any facilities known to be defective so as to endanger life or property shall be promptly repaired, permanently disconnected, or isolated until repairs shall be made.* Construction, repairs, additions, and changes to gas transmission and distribution facilities can be made by qualified persons only. (Emphasis added.)

In the present case, the basis for the finding of negligence dealt with the utility's failure to act after discovering that the gas service pipe came up beneath the mobile home. There was undisputed testimony that a serviceman employed by Wisconsin Gas noticed, several months prior to the explosion, the gas service exiting the

697

ground beneath the mobile home, and understood its unsafe implications. He also indicated that the better practice was to have the service pipe exit the ground outside the mobile home perimeter, since the skirting around the base of the mobile home prevented gas leaks from more easily diffusing into the air. The serviceman further indicated that he knew mobile homes were subject to movement from heaving and that he had seen frost heaving break pipes. Finally, he indicated that on the same day he discovered the defect, he told the Peissigs that Wisconsin Gas would move the service pipe such that it would exit the ground outside the mobile home perimeter, but this was never accomplished.

Prior to deliberations, the jury was given Wis. J.I.—Civil 1002, and instructed concerning the alleged negligence on the part of Wisconsin Gas as follows:

> If, on inspection, a defect is found, and the company knows or should know that such defect creates a dangerous situation, it is the duty of the company either to undertake repair of the defect or to shut off the gas supply to enable the owner to have the gas pipes repaired. If the company fails to shut off the gas or to undertake repair of the defective gas pipes, it is negligent.

We agree with the circuit court that the standard of care articulated in the instruction given to the jury is virtually identical to that required by sec. PSC 135.02. Because the jury found Wisconsin Gas negligent under the instructions as given, we conclude that Wisconsin Gas violated sec. PSC 135.02. By violating sec. PSC 135.02 of the Administrative Code, Wisconsin Gas violated sec. 196.745, Stats., and fell within the purview of sec. 196.64.

Next, Wisconsin Gas challenges the constitutionality of sec. 196.64, Stats. Specifically, they argue that the

698

trebling of damages is violative of the equal protection clause of sec. 1, Amendment 14 to the United States Constitution and its counterpart in the Wisconsin Constitution; is violative of the due process clause of Amendment 14, sec. 1 to the United States Constitution and its counterpart in the Wisconsin Constitution because of vagueness; and, third, is violative of their rights under the Excessive Fines Clauses of Amendment 8 to the United States Constitution and sec. 6, Article 1 of the Wisconsin Constitution. These arguments are also without merit.

A statute will be declared violative of equal protection only when it is shown beyond a reasonable doubt that the legislature has made an irrational or arbitrary classification, one that has no reasonable purpose or relationship to the facts or legitimate state policy. *Milwaukee Brewers v. DH&SS,* 130 Wis. 2d 79, 99, 387 N.W.2d 254 (1986). Section 196.64, Stats, is entirely rational. Because of the highly dangerous nature of natural gas, and the greater vigilance that is required in dealing with it, the legislature and administrative agencies have established various rules and regulations to promote public safety. The provision for trebling damages was included in sec. 196.64, to provide incentives to comply with the rules and deter dangerous violations.

Before a court can invalidate a statute on the grounds of vagueness, it must conclude that the statute is so obscure that persons of reasonable intelligence must necessarily guess as to its meaning and differ as to its applicability. Furthermore, those who are charged with enforcing and applying the law must be relegated to creating their own standards of culpability instead of applying the standards prescribed in the law. *State v.*

*Courtney,* 74 Wis. 2d 705, 711, 247 N.W.2d 714 (1976). We cannot conclude that sec. 196.64, Stats, fails to satisfy this standard. It is not mere negligence that results in the imposition of liability under sec. 196.64. Rather, only actions or omissions amounting to negligence that constitute a failure to comply with the provisions of chs. 196 or 197, warrant the imposition of treble damages.

Similarly, we cannot conclude that the imposition of treble damages constitutes an excessive fine. The imposition of statutory multiple damages is a long accepted practice reasonably imposed in an effort to deter specific conduct.

We next turn to the issue whether the joint settlement offer entitled the Peissigs to double costs and interest under sec. 807.01, Stats. This issue is controlled by *DeMars v. LaPour,* 123 Wis. 2d 366, 366 N.W.2d 891 (1985), where we held that sec. 807.01 requires separate offers of settlement from multiple plaintiffs. We recognized in that case that the purpose of sec. 807.01 was to encourage settlements. We stated that defendants have an incentive to accept a reasonable offer of settlement under the statute because the plaintiff who is awarded a judgment more favorable than the terms of the settlement offer is entitled to receive double the amount of taxable costs, as well as 12 percent interest from the date of the settlement offer. *DeMars,* 123 Wis. 2d at 373.

In so holding, we cited with approval *White v. General Cas. Co. of Wisconsin,* 118 Wis. 2d 433, 348 N.W.2d 614 (Ct. App. 1984). In *White ,* the court noted that individual offers by multiple plaintiffs facilitate settlement by allowing the defendant to evaluate each offer separately and decide whether or not to accept it. However, when multiple plaintiffs make a joint offer of settle-

ment, it becomes more difficult for the defendant to evaluate the offer. In some cases involving multiple plaintiffs, the aggregate jury award might exceed a rejected joint settlement offer, but the damages awarded to one or more individual plaintiffs might be lower than the amount the defendant would have considered a settlement amount for that particular plaintiff. *Id.* at 439. Therefore, to apply the statute to a joint offer of settlement from multiple plaintiffs could exert unreasonable pressure on defendants to settle a case because of the leverage exerted by the possibility that the aggregate judgment might be greater than the offer. Such a result would thus force settlements rather than encourage them. *Id.*

The reasoning of *DeMars* and *White* is applicable to the present case.[1] The plaintiffs' offer of settlement, provided in pertinent part, as follows:

> 1. The plaintiffs, Franklin C. Peissig, Katherine J. Peissig, Marathon County Department of Social Services, Clark County Department of Social Services and State of Wisconsin Department of Social Services, offers to settle the above entitled matter for a total sum of $150,000.00.

Because the plaintiffs failed to serve individual offers of settlement, the defendants were unable to individually evaluate the offer. Accordingly, double costs and interest pursuant to sec. 807.01, Stats, were unavailable despite the amount of the final judgment. We therefore

---

[1]This is not a case involving joint offers to or from defendants who are jointly and severally liable, which may invoke the provisions of sec. 807.01, Stats. *Denil v. Integrity Mut. Ins. Co.,* 135 Wis. 2d 373, 380, 401 N.W.2d 13 (Ct. App. 1986). *See also, Smith v. Keller,* 151 Wis. 2d 264, 273–76, 444 N.W.2d 396 (Ct. App. 1989).

reverse the double costs and interest portion of the judgment.

All remaining issues raised on the appeal are affirmed. First, Wisconsin Gas alleges that the circuit court failed to rule properly in permitting full participation in the trial by both the plaintiffs' and subrogated defendants' attorneys. This court has often stated the general rule that the " 'extent of the manner and even the right of multiple cross-examination by different counsel representing the same party can be controlled by the trial court so that the trial proceeds in an orderly and fair manner. The exercise of discretion by the trial court to deny or restrict cross-examination must be dependent upon the circumstances of the trial. This court will not reverse unless it clearly appears that the circuit court abused its discretion and that the error affected a substantial right of the complaining party and probably affected the result of the trial.' " *Hochgurtel v. San Felippo,* 78 Wis. 2d 70, 88, 253 N.W.2d 526 (1977) (quoting *Neider v. Spoehr,* 41 Wis. 2d 610, 618, 165 N.W.2d 171 (1969). In the present case, the defendant-subrogees had a substantial interest in protecting their position in the matter. At no time was an assignment or other agreement in effect between the plaintiffs and the defendant-subrogees. The circuit court recognized their interest and permitted counsel for the defendant-subrogees to participate on a limited basis. We find no abuse of discretion on this record.

Finally, Wisconsin Gas argues that insufficient evidence supported the award to Franklin Peissig for past medical and hospital bills, and that the award to Katherine Peissig was excessive as a matter of law. The standard of review for sufficiency of evidence requires a

reviewing court to examine the record for any credible evidence which under any rational view fairly admits of an inference that will support the jury's finding. *Johnson v. Misericordia Community Hospital,* 97 Wis. 2d 521, 294 N.W.2d 501 (Ct. App. 1980). To determine whether an award is excessive, the reviewing court must determine whether the award reflects a rate of compensation beyond all reason. *Herman v. Milwaukee Children's Hospital,* 121 Wis. 2d 531, 361 N.W.2d 297 (Ct. App. 1984). We conclude that the evidence supported the jury's award to Franklin Peissig for past medical and hospital bills, and that the jury could properly distinguish between those items of damage attributable to the accident and those that were not. Furthermore, given the physical injuries and mental distress sustained by Katherine Peissig, her damage award is not beyond all reason.

*By the Court.*—The judgment of the circuit court is affirmed in part, and reversed in part.